618 A.2d 962

**Andrea BOYCE and Brian Boyce**

**v.**

**ST. PAUL PROPERTY AND LIABILITY INSURANCE CO., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 21, 1992.

Filed Nov. 19, 1992.

Reargument Denied Jan. 29, 1993.

584

James C. Haggerty, Philadelphia, for St. Paul Property and Liability Ins. Co.

Michael W. McCarrin, Media, for Andrea and Brian Boyce.

Before CIRILLO, MONTEMURO and TAMILIA, JJ.

MONTEMURO, Judge:

Appellant St. Paul Property & Liability Insurance Company appeals from a final order, denying its petition to vacate and/or modify an amended arbitration award of one million dollars in favor of Appellee Boyce. Boyce crossappeals from the same order. For the reasons stated below, we affirm.

Appellee, Andrea Boyce, initiated the present action, seeking to recover uninsured motorist benefits for injuries she sustained in a February 3, 1986 motor vehicle accident which occurred in Philadelphia. At the time of the accident, Boyce was a passenger in an ambulance owned and operated by Paramedical Ambulance Service, Inc. and insured by St. Paul. She was monitoring a sick neonate child being transported to Philadelphia College of Osteopathic Hospital ("PCOM"), where she was head neonate and pediatric nurse. She did not work for the ambulance company. PCOM had contracted with Paramedical to perform the transport.

The accident occurred when an uninsured motorist, Louis Pocco, struck the ambulance broadside. The impact of the collision threw Boyce into the doors of the ambulance, striking her head, neck, shoulders and back. Immediately after impact, the ambulance driver saw Boyce lying in a prone position on the floor of the ambulance. A second ambulance transport-

ed her to PCOM, where she was treated for a concussion and sent home. After experiencing increased dizziness, nausea, and pain, Boyce was hospitalized. She was subsequently released, but continues to suffer from the permanent damages received.

Following the accident, Boyce instituted an action in the Court of Common Pleas of Philadelphia County, seeking recovery of damages in tort. Named defendants included Paramedical, the ambulance driver, and Pocco.[1] In addition, she made demand upon St. Paul for recovery of uninsured motorist benefits.

Paramedical's insurance policy stated that all disputes regarding uninsured motorist benefits were to be resolved by arbitration upon written demand by either party. After St. Paul refused to pay the uninsured motorist claim, Boyce demanded arbitration in Philadelphia County and named Philadelphia attorney, Mayer Horowitz, as her arbitrator. When St. Paul refused to name an arbitrator, Boyce filed a petition in Philadelphia Common Pleas Court for appointment of the defense and neutral arbitrators. Immediately thereafter, St. Paul chose a Philadelphia attorney, Robert Coleman, as its arbitrator, and obtained an order, compelling Boyce to submit to a physical examination by an ENT specialist.

Boyce subsequently objected to Coleman's appointment, since his firm represented St. Paul. St. Paul then withdrew Coleman and appointed James Palmer, a Bucks County attorney.

In addition, St. Paul requested arbitration in Bucks County. St. Paul argued that both the policy and Pennsylvania Uniform Arbitration Act required arbitration in the county in which the protected person/Boyce lives. At the time of the accident, Boyce resided in Delaware County. During pendency of the uninsured motorist claim, she lived in Bucks County. At the time of the arbitration hearing, she was a resident of California. Since the parties could not agree on a neutral arbitrator, Boyce next filed an amended petition in

1. That action has been stayed by order of the court pending resolution of the present appeal.

Philadelphia Common Pleas Court, asking the court to appoint the arbitrator. On June 21, 1990, the court appointed a Philadelphia attorney, Melvin Greenberg, as chairman of the arbitration panel, and ordered that the arbitration hearing take place in Philadelphia, in accordance with common law.[2]

The arbitration hearing was held in Philadelphia on September 27, 1990, September 28, 1990, October 18, 1990 and November 24, 1990. During the hearing, St. Paul stipulated that Pocco was uninsured and that he was the substantial cause of the accident. The panel determined that the insurance policy provided $1,000,000 in uninsured motorist coverage. On December 20, 1990, the arbitrators entered an award in favor of Andrea Boyce in the amount of $1,393,500, and awarded her husband, Brian Boyce, $90,000.

On July 8, 1991, the trial court vacated the award since it exceeded the $1,000,000 policy limit. The court ordered that a rehearing be held for the purpose of re-assessing damages. On October 18, 1991, the arbitration panel reduced Boyce's award to $1,000,000 and her husband's award to zero. Thereafter, St. Paul sought to have the amended arbitration award vacated. When its petition to vacate and/or modify was denied, it filed this appeal.

■ The first issue raised by appellant is that the Philadelphia Court of Common Pleas and the Philadelphia arbitrators had no authority to hear the present action in Philadelphia County. The insurance contract in question provided that arbitration was to take place in the "county where the protected person lives." The protected person in the instant action, appellee, lived in Delaware County at the time of the accident, Bucks County at the initiation of the arbitration dispute and subsequently in Los Angeles County, California. Although appellant correctly asserts that under the insurance contract the correct venue for the arbitration should have been in one

2. The trial court later conceded that the arbitration should have proceeded in accordance with the Pennsylvania Uniform Arbitration Act, but held that such an error was harmless as long as the statutory standard of review was applied.

of these towns, appellant has failed to preserve this issue for our review.

In *Clark v. State Farm Auto Insurance,* 410 Pa.Super. 300, 599 A.2d 1001 (1991), this court refused to review a challenge to venue in a similar case involving a petition to compel arbitration. In refusing to review the claim, we stated:

A petition to compel arbitration is the functional equivalent of of a complaint. The proper way to challenge venue in a civil action is through a preliminary objection. Pa.R.C.P. Rule 1006 provides in pertinent part:

(e) Improper venue shall be raised by preliminary objection and if not so raised shall be waived ...

Instead of first filing a preliminary objection to challenge venue, appellant proceeded directly to its responsive pleadings. The failure to file appropriate preliminary objections to contest improper venue results in waiver of the challenge.

*Id.* at 311, 599 A.2d 1001, 1006 (1991). We find this case to be indistinguishable from the *Clark* case, and therefore find that appellant has waived this issue.

 Appellant's second and fourth argument on appeal is that the arbitrators exceeded their authority in entering an amended arbitration award without a re-hearing as ordered by the trial court. In its July 8 order vacating the arbitration award, Judge Cohen ordered that a rehearing be conducted for the purpose of reassessing damages. Appellant alleges that since the arbitrators entered an amended award without conducting a full hearing, they were denied their due process rights to such a hearing. We disagree. The trial court stated that the reason the original award was being vacated was because the arbitrators granted an award in excess of the policy limits. The arbitration panel had already conducted a full hearing on the issue of damages. They heard four days of testimony from both the appellees and the appellants. Appellants clearly had every opportunity to present all of their evidence and were awarded their right to a full and fair hearing. The arbitration panel was not required to conduct another full blown hearing regarding appellee's damages in order to come up with an amended award. It already had all

of the evidence presented to it, and was fully capable of determining an appropriate award without the unnecessary burden of another full blown hearing. Accordingly, we find appellant's contention to be without merit. Appellant's next issue is that the the original arbitration panel could not fairly and justly re-assess damages in the present matter. More specifically, appellant avers that Judge Cohen, when he ordered that the first arbitration award be vacated, should have ordered a hearing before a new panel because the original panel could not fairly reassess damages. We disagree.

Section 7314 Of the Uniform Arbitration Act provides that if the court vacates an arbitration award, the court may order a rehearing before the arbitrators who made the award, unless the award is vacated on grounds affecting the competency of the arbitrators. 42 Pa.C.S.A. § 7314(c). In the instant case, the original award was not vacated because of any incompetency of the arbitrators, but rather was vacated because the award exceeded the limits of the policy. This had nothing to do with the competency of the arbitrators, and therefore, the court did not err in ordering the same arbitrators to enter a new award. Furthermore, we do not agree with appellant's assertion that the arbitrators were partial to appellee. There is simply no evidence to support this assertion, and thus the order should not be vacated.

■ Appellant's next assertion is that the arbitration hearing was improperly conducted under common law. Although the trial judge initially labeled this as a common law arbitration matter, before it reviewed the arbitration award it correctly stated that, according to the terms of the insurance contract, this case was to be conducted under the Uniform Arbitration Act. Thus, the court properly reviewed the award according to the provisions in the Act. As the trial court noted, the type of arbitration, i.e., common law or statutory, only governs the scope of review on appeal, any error resulting from the court's initial determination that the arbitration should proceed under common law arbitration was rendered inconsequential by the court's review of the award in accordance with the rules of statutory arbitration. Additionally,

although appellant asserts that the arbitration was improperly conducted under the rules of common law arbitration, he fails to state how he was prejudiced by this procedure. We have carefully reviewed the record and the proceedings of the arbitration panel and fail to see how the hearing did not comply with the mandates of 42 Pa.C.S.A. § 7307. Thus, since the award was properly reviewed under the rules of statutory arbitration and since there is no indication or assertion that the hearing failed to conform to the requirements of the Uniform Arbitration Act, appellant's contention is without merit.

■ The sixth issue raised by appellant is that it was deprived of statutory and contractual rights by the appointment of a neutral arbitrator by the court. The insurance contract provided that in the event the parties could not agree on a neutral arbitrator within thirty days of when arbitration is demanded, either party could request that the selection be made by a Judge or a Court having jurisdiction. The trial court clearly had jurisdiction to compel arbitration in this case as it had personal jurisdiction over both of the parties. *See Shapiro v. Keystone Insurance Co.*, 384 Pa.Super. 397, 558 A.2d 891 (1989). Since the parties could not agree on a neutral arbitrator, the court also had the authority, upon appellee's request, to appoint the neutral arbitrator. Appellants' contention that they were not given the opportunity to select the neutral arbitrator is without merit. At least thirty days had passed since the demand for arbitration was given. The fact that the appellants' did not act within the time frame provided by the contract is no one's fault but their own. If they were deprived of their right to select the neutral arbitrator, therefore, they can only blame themselves for not acting within the time provided for in the contract. Thus, the court acted within its authority in appointing the arbitrator and appellant's contention is without merit.

■ Next, appellant argues that the arbitration hearing should have been stayed pending the trial of the plaintiff's tort claims against the ambulance driver and the ambulance company. Appellant, however, in making this argument, fails to

cite to the provision of the Uniform Arbitration Act which governs the granting of a stay of an arbitration hearing. Section 7304(b) provides:

> (b) **Stay of arbitration.**—On application of a party to a court to stay an arbitration proceeding threatened or commenced the court may stay an arbitration on a showing that there is no agreement to arbitrate. When in substantial and bona fide dispute, such an issue shall be forthwith and summarily tried and determined and a stay of the arbitration proceedings shall be ordered if the court finds for the moving party. If the court finds for the opposing party, the court shall order the parties to proceed with arbitration.

42 Pa.C.S.A. § 7304(b). In *Sanitary Sewer Authority v. Dial Associates Construction Group, Inc.,* 367 Pa.Super. 207, 532 A.2d 862 (1987), this court held that § 7304(b) means that

> When one party to an agreement to arbitrate seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the questions of whether an agreement to arbitrate was entered into and whether the dispute involved falls within the scope of the arbitration provision.

*Id.* at 210, 532 A.2d at 863. The fact that there was a related action pending before a trial court which had taken up a substantial amount of time and which was directly related to and involved the parties to the arbitration proceeding was irrelevant. *Id.* The central focus is only on whether the parties agreed to arbitrate and whether the dispute involved in the arbitration proceeding falls within the arbitration clause. *Id.* Instantly, there is no question that the parties agreed to arbitrate and that the dispute falls within the arbitration clause. Thus, under § 7304(b) the trial court had no authority to grant a stay of the proceedings and appellant's argument to the contrary is without merit.

 Appellant's next assertion is that the arbitrators had no authority to reform the uninsured motorist policy limits. More specifically, appellant claims that the testimony at trial established that the uninsured motorist benefits in the policy were limited to $300,000, and that the arbitrators erred in finding the coverage to be $1,000,000.00. We disagree.

Initially we note that our scope of review regarding findings of fact by an arbitration panel is very limited. In cases where statutory arbitration is involved Sections 7314 and 7315 of the Uniform Arbitration Act delineate the circumstances under which a statutory arbitration award can be vacated by a court. Resolution of factual disputes is within the province of the arbitrators, and the court may review and modify or correct arbitrators where there was evident miscalculation of figures, or evident mistakes in description of any person, thing or property, or where the award is deficient in matter of form. *Greenspan v. U.S. Auto Association,* 324 Pa.Super. 315, 471 A.2d 856 (1984). Additionally, these sections provide for the vacating of a statutory arbitration award upon the showing of fraudulent, irregular or partial conduct on the part of the arbitrators. 42 Pa.C.S.A. § 7314.

Here, the appellant claims that the determination by the arbitrators that the policy provided for $1,000,000 in uninsured motorists benefits is contrary to the law. Appellant does not allege fraudulent, irregular, or partial conduct on the part of the arbitrators, or that the award contains miscalculations or deficiencies in form. Such a claim, that the award is contrary to the law, is not a sufficient basis for vacating the award pursuant to § 7314 and 7315. Even if we were to review the claim, we note that there was no error on the part of the arbitration panel. As the arbitration panel correctly found, there was no indication of a signed waiver as required by 75 Pa.C.S.A. § 1731 and 1734, and therefore, the uninsured motorists benefits must be equal to the liability benefits of $1,000,000. As such, this determination of the arbitration panel is affirmed.[3]

■ Appellant's next argument is that the arbitrators erred in permitting duplicate recovery of worker's compensation benefits. In support of this proposition, appellant cites to a number of cases which declare that double recovery of benefits for identical special damages is prohibited in Pennsylvania. While this is generally true, appellant completely fails to cite

3. We also note that we find no merit in appellant's contention to whom the provisions regarding waiver should not apply.

to the portion of the Motor Vehicle Financial Responsibility Act which provides:

The Coverages required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any worker's compensation benefits payable as a result of the same injury.

75 Pa.C.S.A. § 1735. Appellant also fails to cite to the cases decided under this section which have held that an individual injured by an uninsured motorist while in the scope of her employment is entitled to recover both uninsured motorist benefits and worker's compensation benefits. *Ferry v. Liberty Mutual Insurance Co.*, 392 Pa.Super. 571, 573 A.2d 610 (1990) and *Chatham v. Aetna Life & Casualty Co.*, 391 Pa.Super. 53, 570 A.2d 509 (1989). Accordingly, appellant's contention is without merit.

■ Appellant's tenth argument is that the arbitrators erred in permitting testimony of appellee's expert beyond the scope of the expert's report. More specifically, appellant claims that the arbitrators erred in allowing appellee's treating physician to testify as to appellee's permanent injuries where the doctor's reports did not discuss the permanency of the injuries. We find this contention to be without merit. Appellant knew well in advance of the arbitration hearing as to what appellees' treating physician was going to testify about. The doctor had been deposed two times. At both depositions, one which was at least a year before the arbitration hearing, the doctor testified regarding the permanency of appellees' injuries. Appellant's cannot now claim that they were surprised at the hearing when, for the third time, the doctor testified regarding the permanency of appellees' injuries. They had an ample opportunity to prepare for the testimony and were clearly put on notice that the testimony would be adduced from the treating physician. Their claims to the contrary are without merit. The arbitration panel did not abuse its discretion in permitting the testimony.

■ Appellant's final argument on appeal is that the arbitration award was excessive. As stated above, an arbitration award will only be reversed upon a showing of fraudulent,

irregular or partial conduct on the part of the arbitrators, or where the award contains miscalculations or deficiencies in form. Here, there is no indication that any of these reasons for vacating the award are present. Thus appellant's claim that the award is excessive, in the absence of an allegation of any of the above factors, does not provide a sufficient basis to vacate the award.

Appellee has also appealed from the trial court's order. In its cross appeal, appellee states that the trial court erred in vacating the initial award of the arbitrators. Appellee asserts that the trial court should have either 1) confirmed the initial award of the arbitrators, or 2) modified, rather than vacated, the initial award of the arbitrators.[4] This claim is without merit. Appellant's liability is limited to the one million dollar uninsured motorist coverage as provided for in the insurance policy. The initial arbitration award exceeded this one million dollar limit. As this was the cap on appellant's liability, the trial court was correct in vacating the award. Although the proper procedure may have been for the trial court to simply modify the award to fall within the policy limits, its failure to do so, in light of the amount awarded by the arbitration panel after its rehearing, does not entitle appellee to any relief. Appellant's liability is limited to one million dollars. Appellee was awarded one million dollars. Appellee cannot possibly receive more than one million dollars from appellant. Accordingly, appellee's claim is without merit.

Order affirmed.

---

**4.** Appellant argues that this issue is waived. We disagree. The Pennsylvania Uniform Arbitration Act, 42 Pa.C.S. § 7320, states, in pertinent part, "An appeal may be taken from: [a] court order vacating an award *without directing a rehearing.*" § 7320(a)(5) (emphasis added). By implication, this provision also means that an appeal cannot be taken from an order vacating an arbitration award *and directing a rehearing.* Such an appeal would be interlocutory. Accordingly, the Boyces have not waived this issue as an immediate appeal from the initial order which vacated the award and directed a rehearing would have been interlocutory.