## Feingold v. Malone

*Allen L. Feingold,* pro se for plaintiffs.
*Wayne A. Schaible,* for defendant.

QUIÑONES ALEJANDRO, *J.,* May 25, 2001—

## INTRODUCTION

Dora Feingold and Allen L. Feingold, plaintiffs, argue on appeal that the preliminary objection challenging venue and requesting a transfer of the case to Montgomery County, filed by Janet Malone, defendant, was erroneously sustained. This motion judge disagrees.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

Upon review of the complaint, preliminary objection, and the response to the preliminary objection, the following facts were considered by this motion judge when sustaining defendant's preliminary objection:

"Plaintiffs, attorneys by profession, are husband and wife, who reside in Philadelphia County, Pennsylvania.

"Defendant is a resident of Haverford, Montgomery County, Pennsylvania, and is employed as a nurse in Montgomery County, Pennsylvania.

"On November 24, 1998, Dora Feingold (plaintiff-wife), was operating her personally owned Mercedes automobile on St. Asaph's Road and/or Presidential Boulevard, in Bala Cynwyd, Montgomery County, Pennsylvania, when her vehicle was rear ended by a Honda vehicle owned and operated by defendant. Plaintiff-wife suffered personal injuries, and the motor vehicle sustained damages."

On November 14, 2000, plaintiffs filed a civil action against defendant in Philadelphia County, seeking recovery for personal injuries and property damage. Defendant was served with a copy of the complaint on December 6, 2000, in Montgomery County, Pennsylvania.

On December 23, 2000, defendant filed a preliminary objection to plaintiffs' complaint challenging that venue was improper in Philadelphia County, pursuant to the provisions of Pa.R.C.P. 1006(a), since defendant resides in Montgomery County, the cause of action arose in Montgomery County, and defendant does not regularly conduct business in Philadelphia County. On January 16, 2001, plaintiffs filed a response to defendant's preliminary objection. Subsequently, these pleadings were assigned to the undersigned motion judge. By order dated January 30, 2001, this motion judge sustained defendant's preliminary objection and transferred the case to Montgomery County, Pennsylvania.

Dissatisfied with this order, on February 6, 2001, plaintiffs filed this instant appeal.

## ISSUE

In response to an order issued in accordance with Pa.R.A.P. 1925(b), plaintiffs, on March 7, 2001, filed of record a statement of matters complained of on appeal and argued that this motion judge erred in sustaining defendant's preliminary objection to venue where:

"(1) Plaintiffs alleged that defendant maintained an office and transacted business in Philadelphia County and was thus amenable to service there;

"(2) Defendant did not take depositions on disputed issues of material fact and thus admitted the truth of all allegations contained in the complaint, thereby conceding that venue of this matter was proper in Philadelphia;

"(3) The trial court improperly considered the convenience, rather than the propriety, of plaintiffs' chosen forum; and

"(4) The trial court erred in considering the convenience of Philadelphia as a forum where defendant failed to place any evidence on the record indicating that Philadelphia County was an inconvenient forum."

## LAW AND DISCUSSION

Clearly, a trial/motion judge has the discretion to sustain or overrule preliminary objections that argue improper venue. *Mathues v. Tim-Bar Corp.,* 438 Pa. Super. 231, 234, 652 A.2d 349, 351 (1994). A court's ruling will depend on the facts of the particular case and will not be disturbed if the decision is a reasonable one in light of the facts. *Masel v. Glassman,* 456 Pa. Super. 41, 45, 689 A.2d 314, 316 (1997). "A plaintiff's choice of forum is given great weight and a defendant has the bur-

den in asserting a challenge to the plaintiff's choice of venue." *Shears v. Rigley,* 424 Pa. Super. 559, 564, 623 A.2d 821, 824 (1993). Further, a decision to transfer will not be reversed unless there is a showing of an abuse of discretion. *Johnson v. Henkels & McCoy Inc.,* 707 A.2d 237, 239 (Pa. Super. 1997). To show an abuse of discretion, an appellant must show that in reaching a conclusion, a law was overridden or misapplied, or that the judgment exercised was manifestly unreasonable, or the result of bias, prejudice, or ill will. *Id.*

The proper way to challenge venue in a civil action is through a preliminary objection. *Boyce v. St. Paul Property & Liability Insurance Co.,* 421 Pa. Super. 582, 588, 618 A.2d 962, 965 (1992); see also, Pa.R.C.P. 1006(e) and 1028(a)(1). Questions of venue must be raised at the first reasonable opportunity or they are waived. *Kubik v. Route 252 Inc.,* 762 A.2d 1119 (Pa. Super. 2000). Further, Pa.R.C.P. 1006(e) provides that where there is a challenge of improper venue made by preliminary objections, if the preliminary objection is sustained and there is a county of proper venue in the state, the court shall transfer the case to the appropriate court of that county with costs and fees to be paid by the plaintiff.

Venue in an action brought against individual(s) is governed by Pa.R.C.P. 1006(a), which provides, in part: "an action against an individual may be brought in and only in a *county in which the individual may be served* or *in which the cause of action arose* or where the transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law." Pa.R.C.P. 1006(a). (emphasis added)

Generally, an original process may be served onto an individual by handing a copy to the defendant, or by

handing a copy at the residence of the defendant (to an adult member of the defendant) or at any office or usual place of business of the defendant (to an agent or person in charge of the office). Pa.R.C.P. 402.

Here, plaintiffs do not contest that the accident occurred in Montgomery County, nor that defendant resides *and* was served in Montgomery County. What they dispute in their appeal is that venue is inappropriate in Philadelphia County, because defendant allegedly conducts business in Philadelphia County. They also argue that this motion judge abused her discretion when improperly considering the convenience and not the propriety of plaintiff's choice of forum. It would appear that plaintiffs, acting pro se, have confused the rules of civil procedure.

The rule that venue lies against a defendant because of the defendant's regular conduct of business in a county applies to corporations and/or other similar entities, but such rule does not apply to individuals. *Gilfor ex rel. Gilfor v. Altman M.D.,* 770 A.2d 341 (Pa. Super. 2001); see also, Pa.R.C.P. 2179. As stated, venue as to individuals lies where the individual can be served or the cause of action arose. Here, all of those circumstances occurred in Montgomery County, Pennsylvania; that is, the cause of action arose in Montgomery County; defendant resides, is employed, and was served in Montgomery County. (Service was properly effectuated in accordance with Rule 402.)

Next, plaintiffs incorrectly argue that this motion judge erred in considering the convenience of the forum. Pa.R.C.P. 1006(d)(1) defines the doctrine of forum non conveniens, as:

"For the *convenience* of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1). (emphasis added)

This motion judge is acutely aware of the distinction between *preliminary objections challenging venue* filed pursuant to Rule 1028(a)(1) and relying on Rule 1006(a), and a *petition to transfer venue based on forum non conveniens* filed pursuant to Rule 1006(d)(1). Clearly, Rule 1006(d) cannot apply to a case where venue is wrongly laid; this is separately regulated by Rule 1006(a). *U.S. Cold Storage Corp. v. Philadelphia,* 431 Pa. 411, 419, 246 A.2d 386, 390 (1968). Here, defendant is not seeking a change of venue based on forum non conveniens. This motion judge was not asked to consider such factors as: the relative ease of access to sources of proof, availability of compulsory process for the attendance of unwilling witnesses, cost of obtaining attendance of willing witnesses, the possibility of viewing the premises and enforceability [of the order]. *Scribner v. Mack Trucks,* 427 Pa. Super. 71, 628 A.2d 435 (1993). Rather, this motion judge was asked to decide whether venue is proper in Philadelphia County. Based on the evidence of record, it is not. Again as stated, it is undisputed that the automobile accident occurred in Montgomery County, and defendant resides, is employed, and was served in Montgomery County. In light of Rule 1006(a), Montgomery County is the seat of this litigation and only there can it be heard, once defendant challenges venue, as she did. *Salay v. Braun,* 427 Pa. 480, 235 A.2d 368 (1967).

Lastly, plaintiffs take exception with the fact that defendant did not take depositions on disputed issues of material fact, and thus, admitted the truth of all allegations contained in the complaint thereby conceding that venue was proper in Philadelphia. To determine whether venue is indeed improper, a court must rely on the facts raised by depositions or *otherwise*. Pa.R.C.P. 1028(c)(2); *Hamre v. Resnick,* 337 Pa. Super. 119, 120 n.2, 486 A.2d 510 n.2 (1984). In *Hamre,* the court acknowledged that relying only on the pleadings *as the record* was a correct procedure in many cases, citing *Matter of D.L.S. and J.L.S.,* 278 Pa. Super. 446, 420 A.2d 625 (1980). Here, this motion judge opines that depositions were not necessary.

In summary, this motion judge's decision to transfer venue to Montgomery County was in accordance with Rule 1006(a), the evidence of record, and the case law, which unequivocally support a finding that venue properly lies in Montgomery County and *not* in Philadelphia County, Pennsylvania. This motion judge's ruling had nothing to do with the convenience or lack of convenience of the forum selected by plaintiffs. Consequently, in this motion judge's opinion, plaintiffs' arguments are without merit.

## CONCLUSION

Based on the foregoing analysis, this motion judge opines that no errors were committed in sustaining defendant's preliminary objection challenging the appropriateness of venue. This motion judge respectfully recommends that plaintiffs' appeal be dismissed, and that the order transferring venue to Montgomery County be affirmed.