**Garcia G. RACICOT, Appellant,**

v.

**ERIE INSURANCE EXCHANGE, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 1, 2003.

Filed Nov. 18, 2003.

Anthony N. Gemma, Youngstown, for appellant.

Charles W. Garbett, New Castle, for appellee.

BEFORE: MUSMANNO, BENDER and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Garcia Racicot appeals the judgment entered on September 13, 2002, in the Court of Common Pleas of Lawrence County. Upon review, we reverse and remand.

¶ 2 The relevant facts and procedural history of this case are as follows: On June 2, 1993, while driving in Ohio, Appellant, a resident of Lawrence County, Pennsylvania, sustained injuries in a motor vehicle accident caused by Philip J. Miranda, a resident of Ohio (the tortfeasor). At the time of the accident, Appellant was insured by Appellee Erie Insurance Exchange, a Pennsylvania insurance company, and the tortfeasor was insured under an Ohio Financial Responsibility Bond issued by the Coronet Insurance Company of Ohio (Coronet). Pursuant to Appellant's insurance contract, Appellant received payment of medical expenses and lost wages to the policy limits of $25,000.00. The insurance contract also contained an endorsement for uninsured/underinsured motorist (UIM) coverage.

¶ 3 Appellant brought suit against the tortfeasor in the Court of Common Pleas of Trumbull County, Ohio, to recover damages from the accident. Coronet settled the Ohio civil action for $12,500.00, the tortfeasor's policy limit, and a full release. Appellant sought UIM benefits from Appellee, but Appellee rejected his claim. Thereafter, pursuant to the insurance contract, the dispute was referred to arbitration in Lawrence County, Pennsylvania.[1]

¶ 4 An arbitration hearing was held on May 21, 1998. The arbitrators applied Ohio law to the dispute because the accident giving rise to the arbitration took place in Ohio. Thereafter, on June 5, 1998, Appellant was awarded UIM damages in the sum of $181,728.12. One arbitrator, William G. Cohen, Esquire, issued a concurring and dissenting opinion from the award. Arbitrator Cohen opined that an award should have been made but stated that the arbitrators should have applied Pennsylvania law to the dispute. *See* Arbitrator Cohen's concurring and dissenting opinion, 6/5/2002, at 2. As a result of the arbitrators' mistaken choice of law, Arbitrator Cohen concluded that the arbitrators fashioned an award greater than that permitted in Pennsylvania, and, therefore, the amount of the award was erroneous. *Id.* at 2–7.

¶ 5 On July 1, 1998, following the arbitrators' award, Appellee filed with the Court of Common Pleas of Lawrence County a petition to vacate, modify or correct the arbitrators' award. On May 25, 1999, the trial court found the arbitrators' award contrary to law and vacated the award. The trial court also discharged

---

1. Appellant's insurance contract states, in pertinent part:

Disagreement over the legal right to recover damages from the owner or operator of an **uninsured motor vehicle or underinsured motor vehicle** or the amount of damages shall be settled by arbitration.

After written demand for arbitration by either party, each party will select an arbitrator. These two will select a third. If no selection is made within 30 days, the Judge of the Court of Record in the county of **your** legal domicile at the time of the **accident** will appoint the third arbitrator. The arbitrators will determine the disputed issues.

Unless the parties agree otherwise, the arbitration will take place in the county and state where **you** live, and will follow the local rules of procedure and evidence.

Each party will pay the arbitrator he chooses and equally bear the expenses for the third and all other expenses of the arbitration. Fees to lawyers and expert witnesses are to be paid by the party hiring them.

In all other respects, any arbitration will follow the arbitration provisions of the Arbitration Act of 1927.

(emphasis in original).

the first panel of arbitrators and remanded the case to a new panel of arbitrators for a new hearing with the directive to apply Pennsylvania substantive law in their adjudication of the dispute. Appellant attempted to file an appeal to this Court from the trial court's May 25, 1999 order, but we determined that the May 25th order was interlocutory and, thus, not appealable. Therefore, we quashed Appellant's appeal. *See Racicot v. Erie Insurance Exchange*, 976 WDA 1999, 748 A.2d 1260 (Pa.Super. filed 11/15/1999) (unpublished order).

¶ 6 Following remand from this Court, the newly-appointed board of arbitrators held a hearing on February 13, 2002. The arbitrators applied Pennsylvania substantive law in their consideration of the case and issued a new award on February 15, 2002. Appellant was awarded $185,500.00 by the arbitrators; however, the arbitrators reduced the award to $73,335.44 as result of payments made to Appellant by Coronet and Appellee. Thereafter, Appellant filed a "motion for final judgment on petition to modify, correct or vacate arbitration award." The trial court treated this motion as a motion to confirm the second arbitration award, and, on September 13, 2002, the trial court granted Appellant's motion.[2] Appellant did not file exceptions to the trial court's order but, instead, filed a timely notice of appeal to this Court on October 7, 2002.[3] The trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the trial court's order, and the trial court authored a Pa.R.A.P. 1925(a) opinion that discussed Appellant's matters.

¶ 7 Appellant presents the following questions for our review:

1. When a reviewing court finds error in an arbitration award, should the court vacate the entire award, or instead modify or vacate only those portions which are erroneous?

2. Should Ohio or Pennsylvania tort law apply to determination of damages recoverable under the underinsured motorist coverage of a Pennsylvania automobile insurance policy issued to a Pennsylvania resident, when such Pennsylvania resident is involved in a motor vehicle accident in the state of Ohio, the underinsured motorist (tortfeasor) is an Ohio resident, and the Pennsylvania resident had commenced a legal action against the Ohio resident in an Ohio court?

3. When an arbitration award is made in conclusory terms only, stating only the amount and nature of damages awarded, does a reviewing Court have any proper basis to vacate or modify the award when such reviewing court is not provided with any transcript or record of the evidence received by the arbitrators?

---

2. Appellant filed this motion to render the arbitrator's award final for purposes of appealing to this Court the trial court's alleged error in vacating the first arbitration award. *See* Appellant's "motion for final judgment on petition to modify, correct or vacate arbitration award." Appellee did not oppose this motion.

3. Appellant's act of filing an immediate appeal from the trial court's confirmation of the arbitrators' award was proper because appeals from the confirmation of an award of a board of arbitrators follow petition practice; exceptions and motions for post-trial relief may not be filed in cases that follow petition practice. *See Haegele v. Pennsylvania General Ins. Co.*, 330 Pa.Super. 481, 479 A.2d 1005, 1008–09 (1984).

Appellant's brief, at 3.[4]

■ ¶ 8 When we review a trial court's decision to affirm, modify or vacate an arbitration award arising from an insurance contract, this Court may reverse only for an abuse of discretion or an error of law. *See* 42 Pa.C.S.A. § 7302(d)(2); *see also Bowersox v. Progressive Casualty Ins. Co.*, 781 A.2d 1236, 1238 (Pa.Super.2001).

¶ 9 As noted above, the insurance policy in the present case required arbitration under the Pennsylvania Arbitration Act of 1927 for coverage disputes arising under the policy. Thus, the trial court's standard of review in a proceeding to modify or correct the arbitration award is that set forth at Section 7302(d)(2) of the 1980 Arbitration Act. *See* 42 Pa.C.S.A. § 7302(d)(2) historical note; *see also Nationwide Ins. Co. v. Calhoun*, 430 Pa.Super. 612, 635 A.2d 643, 646 (1993).

¶ 10 Section 7302(d)(2) states the following:

Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

42 Pa.C.S.A. § 7302(d)(2).

■ ¶ 11 We turn to an analysis of Appellant's first claim.[5] Appellant claims that the trial court abused its discretion in vacating the entire first arbitration award rather than modifying the portion of the award that was incorrect. We agree. Section 7302(d)(2), 42 Pa.C.S.A., grants a trial court the power to "modify or correct the award where the award is contrary to law," but this provision does not grant a trial court the power to *vacate* an award of arbitrators. *See, e.g., Nationwide Mutual Ins. Co. v. Heintz*, 804 A.2d 1209, 1214–15 (Pa.Super.2002).[6]

4. We have reorganized Appellant's issues.

5. Appellee asserts this claim is waived for failure to develop proper legal argument. We disagree. A review of Appellant's brief indicates that Appellant sets forth the barest minimum of sufficient legal argument with respect to this claim, and, therefore, we will not find the claim waived.

6. In *Boyce v. St. Paul Prop. & Liab. Ins. Co.*, 421 Pa.Super. 582, 618 A.2d 962 (1992), this Court held that a trial court's vacation and remand of an arbitration award that exceeded an insured's policy limits was proper, inasmuch as the second arbitrators' award merely corrected its first by confining the award to the limits of the policy. *Boyce*, 618 A.2d at 969. Thus, it is implicit from our rationale that the effect of the vacation and remand was no different than if the trial court would have simply corrected the award itself, and, therefore, we affirmed. *Id.*, 618 A.2d at 969.

The continued validity of the rationale in *Boyce* with respect to the vacation issue was cast in doubt by virtue of our explanation of

Section 7302(d)(2) in *Heintz*. In *Heintz*, we stated:

Section 7302(d)(2) provides that a court shall "modify" or "correct" an arbitration award where it is contrary to law. In applying this standard, a panel of this Court observed that under the Act of 1927, "the power to enter the equivalent of judgment notwithstanding the verdict is provided as part of the power to modify or correct an award." *Obdyke v. Harleysville Mut. Ins. Co.*, 299 Pa.Super. 298, 445 A.2d 763, 766 n. 4 (1982). When exercising this power to grant relief as a result of legal error, courts should be careful to clarify that they are "modifying or correcting" the award, rather than "vacating" [the award]. *See, Id.* Accord, *Ragin v. Royal Globe Ins. Co.*, 315 Pa.Super. 179, 461 A.2d 856 (1983) (under the Act of 1927, the trial court had the power to grant the equivalent of j.n.o.v. with respect to a legally erroneous arbitration award, even though the court couched its relief in terms of "vacating" the award). Similarly, petitioners who seek relief from a

¶ 12 In cases such as this, where arbitration is governed by statute and not common law, a trial court may vacate an award of a board of arbitrators only in a very limited set of circumstances. These circumstances are defined by statute at 42 Pa.C.S.A. § 7314. Section 7314 states, in pertinent part:

    (1) On application of a party, the court shall vacate an award where:

        (i)   the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;[7]

        (ii)  there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

        (iii) the arbitrators exceeded their powers;

        (iv) the arbitrators refused to postpone the hearing upon good cause being shown therefore or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or

        (v)  there was no agreement to arbitrate and the issues of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

    (2) *The fact that the relief awarded by the arbitrators was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award.*

(emphasis added).

¶ 13 Appellee did not allege in its petition any of the above irregularities. Rather, the record indicates that the core argument of Appellee's petition was that the board of arbitrators applied Ohio law to the dispute improperly, and, therefore, the award was erroneous. The trial court concluded, after reviewing Appellee's petition, that the first board of arbitrators applied the *incorrect law, i.e.* Ohio tort law, to the case, and, pursuant to 42 Pa. C.S.A. § 7302(d)(2), it was obligated to vacate the award as "contrary to law." While we agree with the trial court's assessment that this type of error could not be characterized as anything but a possible mistake of law, it is clear that this type of error is not a valid ground to vacate the first award. *See* 42 Pa.C.S.A. § 7314(2). Consequently, we are constrained to conclude that the trial court abused its discre-

---

legally erroneous arbitration award should be careful to caption their petitions as petitions to modify or correct the award, because § 7302(d)(2) authorizes only modification or correction.

*Heintz,* 804 A.2d at 1214–15. After reviewing Section 7302(d)(2) and Section 7314, we agree with the explanation in *Heintz,* and, accordingly, we decline to apply the rationale of *Boyce* to the present case.

**7.**  Section 7341 states, in pertinent part:

The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

tion when it vacated the first award erroneously pursuant to 42 Pa.C.S.A. § 7302(d)(2). Therefore, the trial court's subsequent empaneling of a new board of arbitrators, their award and the following judgment were legal nullities. As such, we are constrained to reverse the judgment and remand with the directive that the trial court address Appellee's petition to petition to vacate, modify or correct in light of our holding.[8]

¶ 14 Judgment reversed. Case remanded with instructions. Jurisdiction relinquished.

8. Inasmuch as we find Appellant's first claim dispositive in our decision to reverse, we need not address Appellant's remaining claims.