J-S33017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HILDA CID | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIE INSURANCE EXCHANGE | : | No. 484 EDA 2021 |

Appeal from the Order Entered February 9, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2019-24877

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED DECEMBER 16, 2021**

Appellant Hilda Cid appeals from the order denying her motion to strike or set aside the arbitration award in favor of Appellee Erie Insurance Exchange.  Appellant raises numerous claims of trial court error.  Because we agree with the trial court that Appellant waived her claims, we affirm.

We state the facts and procedural history as presented by the trial court:

[Appellant] commenced the instant action on October 18, 2019, by filing a "petition to appoint a third/neutral arbitrator and to order arbitration to begin within sixty (60) days of this order."  The action relates to a dispute between [Appellant] and [Appellee] over underinsured motorist benefits (UIM).  [Appellant], an insured of [Appellee] at all times relevant, seeks UIM benefits in connection with a motor vehicle accident in 2005.

The Honorable Thomas P. Rogers appointed a neutral arbitrator and the UIM dispute proceeded to arbitration before a three-arbitrator panel.  The arbitrators issued an award on July 9, 2020, in which they concluded:

1. [Appellant] recovered $50,000 from the motorist responsible for the accident of 5/10/2005 in compensation for her bodily injuries sustained in that accident.

2. The damages for bodily injury [Appellant] is legally entitled to recover from the motorist responsible for the accident of 5/10/2005 do not exceed the sum of $50,000.

3. Accordingly, the arbitrators award the sum of zero dollars ($0) in underinsured motorist benefits.

Trial Ct. Op., 5/3/21, at 1-2 (formatting altered). We add that the insurance policy's arbitration clause states that "any arbitration will follow the arbitration provisions of the Arbitration Act of 1927." Ex. A to Brief in Support of the Response in Opp'n of Appellee to Appellant's Petition to Appoint a Neutral Arbitrator, 11/12/19.

On Monday, August 10, 2020, Appellant timely filed a motion to strike and/or set aside arbitration award, appoint a new arbitrator, and order a new arbitration hearing. Appellant's Mot. to Strike and/or Set Aside Arbitration Award, 8/10/20, at 25. Appellant's motion to strike attached thirty-two exhibits and raised numerous issues that, according to the trial court, were "difficult to discern." *See* Trial Ct. Op. at 3 (stating that "it is difficult to discern the material facts substantiating [Appellant's] request for relief"). Appellant's motion, however, did **not** request any modification or correction of the arbitration award. *See* Appellant's Mot. to Strike and/or Set Aside Arbitration Award at 25. On February 9, 2021, the trial court denied Appellant's motion. Order, 2/9/21.

On March 5, 2021, Appellant timely appealed.[1]  The trial court did not order Appellant to comply with Pa.R.A.P. 1925(b).[2]

On appeal, Appellant raises the following issue: "Whether the trial court erred in refusing to dismiss and/or strike/vacate the result of [Appellant's] arbitration award?"  Appellant's Brief at 3.

In support of her sole issue, Appellant raises numerous arguments, including a claim that judicial estoppel applies to bind Appellee into recognizing her injuries, and Appellee cannot contend otherwise. *Id.* at 9-10. Appellant similarly contends that judicial estoppel also prevents Appellee from opposing Appellant's request for delay damages, and regardless, she is entitled to delay damages. *Id.* at 11-12.  Appellant asserts that her husband's testimony at the arbitration hearing was sufficient to support her claim for loss of consortium/emotional distress.  *Id.* at 12-14.  Appellant claims the arbitration panel erred by not holding Appellee in contempt for alleged discovery violations, and, therefore, Appellant was entitled to a default judgment in her favor.  *Id.* at 14-16.

---

[1] Appellant purported to appeal on behalf of both herself and her husband, Leonardo Cid.  Notice of Appeal, 3/5/21.  The record reflects, however, that Appellant's husband is not a party to this action. ***Compare*** Appellant's Pet. to Appoint a Third/Neutral Arbitrator, 10/18/19, at ¶ 1 (identifying only Appellant as the plaintiff), ***with*** Appellant's Brief at 9 (referring to both Appellant and her husband as appellants).

[2] The record transmitted to this Court did not include the record from the arbitration hearing or the hearing transcript before the arbitration panel.

Appellant also alleges that Appellee's counsel had a conflict of interest and should have been barred from representing Appellee. *Id.* at 16-18. Relatedly, Appellant asserts that because she subpoenaed two of Appellee's counsel to testify, they should have been disqualified from representing Appellee. *Id.* at 19-20.

Appellant additionally claims that arbitration should not be permitted in Pennsylvania, and these claims are intertwined with allegations that the arbitrators were biased against her. *Id.* at 20-23. Finally, Appellant maintains that she is entitled to a jury trial notwithstanding the insurance policy as her claims are not arbitrable.[3] *Id.* at 23-27.

We are guided by the following summary of the law in *Racicot v. Erie Ins. Exchange*, 837 A.2d 496 (Pa. Super. 2003), which also addressed an arbitration under the Arbitration Act of 1927:

> the trial court's standard of review in a proceeding to modify or correct the arbitration award is that set forth at [42 Pa.C.S. § 7302(d)(2)]:

---

[3] Appellant's appellate brief copied, nearly word-for-word, her argument section in support of her motion to strike and her final arbitration memorandum, which was attached as an exhibit to her motion to strike. *Compare* Appellant's Brief at 9-27, *with* Ex. 14 to Appellant's Mot. to Strike and/or Set Aside Arbitration Award; *see also* Appellee's Brief at 15 n.7 (stating, "[a]s evident via review of the original record forwarded from the trial court, [Appellant's] brief herein is a carbon copy of the brief reviewed by the trial court"); Appellee's Resp. in Opp'n to Appellant's Mot. to Strike and/or Set Aside Arbitration Award, 9/4/20 (claiming that Appellant copied and pasted pleadings filed in other counties). For example, in her appellate brief, Appellant requests that Appellee "be precluded from presenting any evidence at the **trial** of this matter." Appellant's Brief at 15 (emphasis added).

Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

42 Pa.C.S. § 7302(d)(2).

[Section 7302(d)(2)] grants a trial court the power to "**modify or correct** the award where the award is contrary to law," but this provision does **not** grant a trial court the power to **vacate** an award of arbitrators.

In cases such as this, where arbitration is governed by statute and not common law, a trial court may vacate an award of a board of arbitrators only in a very limited set of circumstances.

***Racicot***, 837 A.2d at 499-500 (last emphasis in original, formatting altered, and footnote and some citations omitted); ***accord Pantelis v. Erie Ins. Exch.***, 890 A.2d 1063, 1065 (Pa. Super. 2006) (stating that this "Court may reverse a trial court's decision to affirm, modify or correct an arbitration award arising from an insurance contract only if the trial court abused its discretion or committed an error of law" (citations and footnote omitted)).[4]

---

[4] In ***Nationwide Mut. Ins. Co. v. Heintz***, 804 A.2d 1209 (Pa. Super. 2002), the Court similarly observed as follows regarding the standard of review for an arbitration under the Arbitration Act of 1927:

Section 7302(d)(2) provides that a court shall modify or correct an arbitration award where it is contrary to law. In applying this standard, a panel of this Court observed that under the Act of 1927, the power to enter the equivalent of judgment notwithstanding the verdict is provided as part of the power to

*(Footnote Continued Next Page)*

Section 7314 sets forth the "very limited set of circumstances" applicable to vacating an award in a statutory arbitration, including:

(1) On application of a party, the court shall vacate an award where:

(i) . . .

(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

(iii) the arbitrators exceeded their powers;

(iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party . . . .

42 Pa.C.S. § 7314(a)(1)(ii)-(iv).[5]

In *Pantelis*, the Court initially examined whether the appellant had properly preserved issues for appellate review because "[i]ssues not raised in an earlier proceeding cannot be raised for the first time on appeal." *Pantelis*,

_____

modify or correct an award. When exercising this power to grant relief as a result of legal error, courts should be careful to clarify that they are modifying or correcting the award, rather than vacating it. Similarly, petitioners who seek relief from a legally erroneous arbitration award should be careful to caption their petitions as petitions to modify or correct the award, because § 7302(d)(2) authorizes only modification or correction.

*Heintz*, 804 A.2d at 1214-15 (citations and footnote omitted and formatting altered).

[5] Subsections (i) and (v) have no bearing on this case.

- 6 -

890 A.2d at 1066 (citation omitted). In that case, the **Pantelis** Court reviewed the arbitration transcript, which revealed that the appellant had properly preserved the issues for appellate review. **Id.**; **see also** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal"). In contrast, in **Del Ciotto v. Pa. Hosp. of the Univ. of Penn Health Sys.**, 177 A.3d 335 (Pa. Super. 2017), an appeal from an arbitration award, the plaintiff failed to indicate in the record where he raised or preserved a particular issue. **Del Ciotto**, 177 A.3d at 358 n.19. The **Del Ciotto** Court therefore held that the plaintiff waived the issue. **Id.** at 358.

Finally, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Branch Banking & Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived." **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018) (citation omitted).

Instantly, like the plaintiff in **Del Ciotto**, Appellant did not identify where in the record she raised or preserved her numerous arguments before the arbitration panel. **See Del Ciotto**, 177 A.3d at 358 n.19. Indeed, as noted herein, the arbitration record was not made part of the record, unlike in

***Pantelis***, in which the arbitration transcript was part of the record and the Court held the appellant had preserved the issues. ***See Pantelis***, 890 A.2d at 1066. Therefore, identical to the ***Del Ciotto*** Court, we similarly hold that Appellant has waived her arguments for appellate review. ***See Del Ciotto***, 177 A.3d at 358; ***accord*** Pa.R.A.P. 302.

Even if Appellant did not waive her arguments on that basis, we agree with the trial court that Appellant failed to properly develop the arguments in her appellate brief, primarily because it duplicated her prior trial court pleadings. ***See Gesiorski***, 904 A.2d at 942-43; ***accord*** Appellee's Brief at 15 n.7 (noting Appellant's "brief herein is a carbon copy of the brief reviewed by the trial court"). Because Appellant's brief was originally written for the trial court, it did not explain how the trial court abused its discretion or erred as a matter of law by denying her motion to strike or set aside the arbitration award. ***See, e.g.***, Appellant's Brief at 15. Further, like the ***Milby*** Court, we similarly decline to act as Appellant's counsel, develop these claims on her behalf, and argue how the trial court abused its discretion. ***See Milby***, 189 A.3d at 1079.

Finally, we note that Appellant requested that the trial court vacate the arbitration award and order a new arbitration hearing. ***See*** Appellant's Mot. to Strike and/or Set Aside Arbitration Award, at 25. Although Section 7302(d)(2) authorizes modification or correction of the arbitration award, it "does **not** grant a trial court the power to **vacate** an award of arbitrators,"

except under limited circumstances. ***See Racicot***, 837 A.2d at 499 (last emphasis in original and citation and footnote omitted); ***Heintz***, 804 A.2d at 1214-15. Although arbitrator misconduct is one such limited circumstance, ***see*** 42 Pa.C.S. § 7314(a)(1)(ii), as set forth herein, Appellant failed to properly raise and preserve such a claim. ***See Del Ciotto***, 177 A.3d at 358 n.19; ***Gesiorski***, 904 A.2d at 942-43. For all these reasons, the trial court did not abuse its discretion or err as a matter of law by denying Appellant's motion. ***See Pantelis***, 890 A.2d at 1065; ***Racicot***, 837 A.2d at 499-500.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 12/16/2021*