Paul JACKSON, Appellant,

v.

LAIDLAW TRANSIT, INC. & LAIDLAW TRANSIT PA, INC., a Delaware Corporation, c/o CT Corporation Systems, Arlene Rosenbaum, Mark D. Rosenbaum and Scott Carl Rosenbaum, Appellees

Superior Court of Pennsylvania.

Argued Dec. 4, 2002.

Filed April 10, 2003.

Richard T. Brown, Jr., Philadelphia, for appellant.

Michael Saltzburg, Philadelphia, for appellee.

Before: JOYCE, BENDER and BECK, JJ.

BECK, J.

¶ 1 We address the question of whether it is proper for a court to transfer venue to another county after a corporate defendant, whose presence in the case permitted the original choice of venue, is dismissed from the case. We affirm the trial court and hold that its order changing venue was not an abuse of discretion.

¶ 2 Plaintiff-appellant Paul Jackson (Jackson) filed this appeal from an order of the Philadelphia County Court of Common Pleas granting the change of venue to Bucks County sought by defendants-appellees Arlene Rosenbaum, Mark D. Rosenbaum, and Scott Rosenbaum (the Rosenbaums).[1] This case arises from a motor vehicle accident that occurred on the afternoon of January 7, 1999, in Bucks County, where the Rosenbaums live. Scott Rosenbaum, the driver of a car owned by his parents Arlene and Mark D. Rosenbaum, collided with a vehicle owned by Jackson. Jackson's vehicle was the second vehicle behind a school bus that was traveling on Bustleton Pike in Northampton Township, Bucks County. Jackson's complaint averred that an abrupt stop of the bus operated by Laidlaw Transit, Inc., (Laidlaw) was a proximate cause of the accident, causing him, and the vehicle immediately behind him (operated by Rosenbaum), to stop suddenly. Jackson brought suit in Philadelphia against Laidlaw and the Rosenbaums to recover damages.

¶ 3 The Rosenbaums filed preliminary objections, challenging the venue in Philadelphia. They alleged that Laidlaw was improperly joined as a defendant. The court issued an order overruling the preliminary objections, but specifying that the order was without prejudice to the right of the Rosenbaums to move for removal to

Bucks County if Laidlaw were dismissed from the case.

¶ 4 Then, after the parties engaged in discovery, Laidlaw filed a motion for summary judgment. The court granted the motion, holding there was no cause of action against Laidlaw as a matter of law. The Rosenbaums had filed an answer in support of Laidlaw's motion in which they again asked for removal of the case to Bucks County. The court this time granted the request for removal. In this appeal, Jackson challenges the venue change from Philadelphia County to Bucks County.

¶ 5 It is well established that a trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. *Borger v. Murphy,* 797 A.2d 309, 312 (Pa.Super.2002), *appeal denied,* 570 Pa. 680, 808 A.2d 568 (2002). A plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging that choice to show it was improper. *Id.* However, a plaintiff's choice of venue is not absolute or unassailable. *McCrory v. Abraham,* 441 Pa.Super. 258, 657 A.2d 499 (1995), *appeal denied,* 544 Pa. 652, 676 A.2d 1194 (1996). Indeed, "[i]f there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand." *Estate of Werner v. Werner,* 781 A.2d 188, 190 (Pa.Super.2001) (quoting from *Masel v. Glassman,* 456 Pa.Super. 41, 689 A.2d 314, 316 (1997)).

¶ 6 Our Rules of Civil Procedure provide, in pertinent part:

**Rule 1006. Venue. Change of Venue.**

(a) Except as otherwise provided by Subdivisions (b) and (c) of this rule,

---

**1.** This appeal properly lies from an interlocutory order as of right. Pa.R.App.P. 311(c)

(appeal from order transferring venue).

an action against an individual may be brought *in and only in* a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county as authorized by law.

(b) Actions against the following defendants, except as otherwise provided in Subdivision (c), may be brought in and only in the counties designated by the following rules: ... corporations and similar entities, Rule 2179.[2]

(c) An action to enforce a joint or joint and several liability against two or more defendants...may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b).

(d) (1) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

Pa.R.Civ.P. 1006 (Purdon 2002) (emphasis added).[3]

¶ 7 Jackson argues that the trial court abused its discretion in transferring the case to Bucks County because venue in Philadelphia is proper under Pa.R.Civ.P. 2179(a) and 1006(c). He asserts that Laidlaw, a corporation that regularly conducts business in Philadelphia County, was named as a defendant in good faith; the fact that Laidlaw was subsequently dropped from the case is of no import and should not affect venue. Jackson further argues that because the accident occurred in Bucks County, Bucks County would have been the proper venue for the action only if the Rosenbaums were originally the sole named defendants. We disagree.

¶ 8 Rule 2179 governing venue for corporate defendants provides that a personal action against a corporation may be brought only in the county where its registered office or principal place of business is located. Rule 1006(c) states that an action to enforce a joint or joint and several liability against two or more defendants may be brought against all defendants in any county in which the venue may be had against any one of the defendants.

¶ 9 But Rule 1006(a) provides that an action against individuals may be brought "only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county as authorized by law." Once the corporate defendant Laidlaw, which was the sole tie to Philadelphia County, was dismissed from the case, venue in the remaining action against the Rosenbaums was proper in Bucks County: where the accident occurred and where all the defendants could be served. Pa.R.Civ.P. 1006(a). *See Deutschbauer v. Barakat*, 814 A.2d 246 (Pa.Super.2002) (there was no abuse of discretion in transfer of venue from Phila-

---

2. Rule 2179 provides that a personal action against a corporation may be brought only in: 1) the county where its registered office or principal place of business is located; 2) a county where it regularly conducts business; 3) the county where the cause of action arose; or 4) a county where a transaction or occurrence took place out of which the cause of action arose. Pa.R.Civ.P. 2179(a).

3. We note that Rule 1006 was amended effective January 27, 2003, with regard to venue in medical malpractice actions, but these changes are not applicable here. Pa.R.Civ.P. 1006(a.1), (c)(2), and (f)(2).

delphia to Berks County; the defendants were not served in Philadelphia, nor did the alleged negligence take place there).

¶ 10 In making a contrary argument, Jackson relies principally on *Oswald v. Olds*, 342 Pa.Super. 495, 493 A.2d 699 (1985). In that case, this Court held that the dismissal of one defendant—a foreign insurer which deposited its proceeds into escrow—did not justify a transfer of venue. Jackson argues that, under *Oswald*, since the action against the corporate defendant Laidlaw was properly initiated in Philadelphia, it is of no import that Laidlaw was subsequently dropped from the case, "as venue is evaluated from the point when service is properly or improperly made." *Id.* at 701.

¶ 11 We distinguish this case from *Oswald*. In *Oswald*, the defendant-insurance company was a foreign corporation, and the other defendant was an Allegheny County resident, but the action was filed for unknown reasons in Washington County. The Superior Court held that venue was proper in Washington County, and the trial court's order to the contrary was an abuse of discretion. However, *Oswald* is inapposite here because the insurance company defendant was not the action's sole tie to the original venue. Therefore, that defendant's dismissal from the case was irrelevant to the choice of venue. Here, the trial court concluded as a matter of law that Laidlaw was the action's only tie to Philadelphia, and there was no cause of action against Laidlaw. Except for *Oswald*, Jackson cites no case law that *requires* venue to remain where it is initiated, even after the only entity that has a connection to the desired venue is dropped from the case. We conclude that once the only Philadelphia defendant was removed from this case, proper venue under Rule 1006(a) lay in Bucks County, and the trial

court did not abuse its discretion in granting the transfer upon the Rosenbaums' request for it.

¶ 12 Here, the accident occurred in Bucks County, the defendants live in Bucks County and were properly served there. Philadelphia clearly would not have been a proper venue if the action had originally been filed against the Rosenbaums only, and now the case proceeds against the Rosenbaums alone. We therefore decide that the Philadelphia County court properly exercised its discretion in transferring the action to Bucks County.

■ ¶ 13 In reaching this conclusion, we emphasize that removal from the original venue should not be ordered where the effect of removal would be to prejudice one of the parties. Instantly, as the trial court stated, Jackson was on notice from the beginning of the action, through the Rosenbaums' preliminary objections, that they sought removal to Bucks County because Laidlaw was improperly joined as a defendant. The court originally determined that removal was premature before discovery was complete, but did so without prejudice to the Rosenbaums' right to move for removal to Bucks County if Laidlaw was dismissed from the case.

¶ 14 Moreover, the decision to transfer venue was not made in an untimely fashion. We have approved a change of venue that took place just three days before trial. *Borger v. Murphy, supra* at 313. *See also Vogel v. National R.R. Passenger Corp.*, 370 Pa.Super. 315, 536 A.2d 422 (1988) (Rule 1006 imposes no time limit on a party who seeks to transfer venue, and neither rule nor decision suggests that discovery cannot be conducted either prior to or during the pendency of a petition to transfer venue).[4]

---

4.  The principles set forth in *Borger* and *Vogel* regarding time of transfer are applicable here,

¶ 15 We therefore find no abuse of discretion and affirm the trial court's order directing the transfer of this action to Bucks County.

¶ 16 Order affirmed.

although the transfer of venue in those cases was based on a request pursuant to Pa. R.Civ.P. 1006(d), for *forum non conveniens*. In this case, neither the parties nor the trial court rely on our decisions involving transfer of venue for *forum non conveniens*. In such cases, venue in the original forum is proper, but the petitioning party seeks a transfer on the grounds of convenience. Our Supreme Court has held that such transfers must not be granted lightly, and only after an analysis of whether the plaintiff's choice of venue is oppressive and vexatious to the defendants, beyond the existence of a case backlog in the original forum. *Cheeseman v. Lethal Exterminator, Inc.*, 549 Pa. 200, 701 A.2d 156 (1997).