**Michelle ZAPPALA, Appellant**

v.

**BRANDOLINI PROPERTY MANAGEMENT, INC.; Paoli Shopping Center Limited Partnership; Paoli Shopping Center Limited Partnership II; Paoli Shopping Center Limited Partnership Phase II; United Builders & Con-**

---

**1212**

structors, Ltd.; Kortan General Maintenance, Inc.; the James Lewis Group t/a Brandolini Companies; James Lewis Corporation; Progress Bank; the Pep Boys—Manny, Moe & Jack t/a Pep Boys; Brubacher Excavating, Inc.; Green Design, Inc.; Carroll Contractors, Inc.; Pickering Valley Landscape, Inc.; Bala Electric; and Heyser Landscaping, Inc., Appellees.

### Michelle Zappala, Appellant

v.

### The James Lewis Group t/a Brandolini Companies; James Lewis Corporation; Progress Bank; and the Pep Boys–Manny, Moe & Jack t/a Pep Boys, Appellees.

Superior Court of Pennsylvania.

Submitted Dec. 2, 2003.

Filed April 16, 2004.

Reargument Denied June 23, 2004.

Joseph R. Viola, Philadelphia, for appellant.

David S. Santee, Philadelphia, for Brandolini Property Management, appellee.

Before: DEL SOLE, P.J., MUSMANNO and TAMILIA, JJ.

DEL SOLE, P.J.

¶ 1 Plaintiff Michelle Zappala appeals from an order transferring this premises liability action from Philadelphia County to Chester County.[1] We vacate the order.

¶ 2 Appellant commenced this action by a complaint filed in Philadelphia County on August 7, 2000. Named as defendants were two corporations located in Chester County, The James Lewis Group t/a Brandolini Companies and James Lewis Corporation (Appellees), and two corporations with offices in Philadelphia County. A second complaint was filed on October 26, 2000, against the above defendants as well as numerous other defendants who were variously located in Chester County, Delaware County, Montgomery County, Lancaster County, and Philadelphia County. The October 2000 case was remanded to the compulsory arbitration program and tried there. Appellant filed an appeal from the arbitrators' award and the two cases were consolidated. Discovery took place and trial was scheduled for January 6, 2003. Pretrial motions deadline was set for September 3, 2002. Beginning on April 5, 2002, various defendants began to file motions for summary judgment on the ground that they did not own or lease or were not contractually responsible for maintenance of the property where the accident occurred. These motions were granted leaving Appellees as the only remaining defendants. On September 3, the last possible date for filing pre-trial mo-

---

**1.** This is an interlocutory appeal as of right pursuant to Pa.R.A.P. 311(c).

tions, Appellees filed a motion to transfer venue to Chester County asserting that Appellees were located in Chester County and do not conduct business in Philadelphia County. Appellees had not previously challenged Appellant's choice of venue. The trial court granted the motion and transferred venue to Chester County. This appeal followed.

¶ 3 Appellant argues that the trial court erred in transferring venue when Appellees did not raise this claim in preliminary objections as required by Pa.R.C.P. 1006(e). We agree.

¶ 4 Rule 1006(e) provides the exclusive method for challenging venue as improper. The rule provides:

> (e) Improper venue **shall be raised by preliminary objection and if not so raised shall be waived.** If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county. The costs and fees for transfer and removal of the record shall be paid by the plaintiff.

Pa.R.C.P. 1006(e) (emphasis added). The language of this rule is mandatory: improper venue must be raised by preliminary objection or it is waived. *See., e.g.,* *Mateu v. Stout,* 819 A.2d 563 (Pa.Super.2003); *Kubik v. Route 252, Inc.,* 762 A.2d 1119 (Pa.Super.2000); *Boyce v. St. Paul Property & Liab. Ins. Co.,* 421 Pa.Super. 582, 618 A.2d 962 (1992).

¶ 5 The trial court relied on *Collier Township v. Robinson Township,* 25 Pa. Cmwlth. 227, 360 A.2d 839 (1976), for its determination that Appellees did not have to file preliminary objections to venue but could raise their objection "at the 'first opportunity or within a reasonable time.'" Trial Court Opinion, 5/6/03, at 3. The issue in *Collier* was one of subject matter jurisdiction not improper venue and thus was not governed by Rule 1006(e). *Collier* does not support the proposition that a rule with mandatory time limits may be disregarded in favor of "a reasonable time."

¶ 6 Both the trial court and Appellees also rely on *Jackson v. Laidlaw Transit, Inc.,* 822 A.2d 56 (Pa.Super.2003), as support for the trial court's determination that Appellees could raise improper venue by motion rather than preliminary objections. *Jackson,* however, involved a different procedural posture: significantly, in *Jackson,* the defendant had filed preliminary objections on the basis of venue.

¶ 7 The *Jackson* case arose out of a motor vehicle accident which occurred in Bucks County. Jackson's car was struck by a vehicle driven by Scott Rosenbaum, who resided in Bucks County. Jackson's vehicle was the second vehicle behind a school bus and the complaint alleged that an abrupt stop of the bus, operated by Laidlaw Transit, inc., was a proximate cause of the accident. Jackson therefore filed suit against Laidlaw as well as Rosenbaum. Venue in Philadelphia County was predicated on Laidlaw's regular conduct of business in Philadelphia County. Rosenbaum filed preliminary objections on the basis of improper venue, alleging that Laidlaw was improperly joined as a defendant. The trial court determined that transfer was not proper at that time but did so without prejudice to Rosenbaum's ability to renew its objection if Laidlaw was dismissed from the case. After Laidlaw was dismissed from the case, Rosenbaum renewed the request for transfer which the trial court properly granted. There was no waiver under Rule 1006(e) because Rosenbaum had raised improper venue by preliminary objections, in accordance with that Rule.

¶ 8 In the present case, however, Appellees never filed preliminary objections on

the ground of improper venue.[2] Pursuant to Rule 1006(e) therefore the claim of improper venue is waived.

¶ 9 While we are not entirely unsympathetic to Appellees' position, we are not at liberty to rewrite a rule which has been promulgated by the Supreme Court. We conclude therefore that the trial court erred by determining that Appellees could raise improper venue in a manner different from that mandated by Rule 1006(e).

¶ 10 Order vacated. Case remanded. Jurisdiction relinquished.

**2.** Although preliminary objections were filed, improper venue was not raised therein. Interestingly, Appellees now contend that the Philadelphia defendants were "sham" defendants and that there was never proper venue in Philadelphia. Appellees' Brief at 13–14.