## Skrocki v. Erie Insurance Co.

*Daniel L. Hessel* and *Ramon A. Arreola*, for appellant

*Lindsay D. Liebman*, for appellee Row; *Jeffrey B. Rettig*, for appellee Erie Insurance

TERESHKO, *J.*, February 13, 2013—On November 4, 2007 plaintiff was a passenger in a vehicle driven by Joseph Kelly. (Complaint ¶ 8). Kelly was proceeding along Route 562 in Berks County with a green light when defendant Row (hereinafter "Row") went through the red light at the same intersection, and a collision between the two vehicles occurred. (Complaint ¶¶ 9-11). Row admitted she was unaware what color the light was due to the glare of the sun. (Complaint ¶ 12). Defendant Erie Insurance Exchange (hereinafter "Erie") is Joseph Kelly's insurance provider. (Complaint ¶ 13). Plaintiff does not

maintain a policy of insurance, but is entitled to recover uninsured motorist benefits under Kelly's policy with Erie. (Complaint ¶ 14,15). In addition, plaintiff is covered under her parents' car insurance - also provided by Erie. (Complaint ¶ 15). Plaintiff sustained permanent knee injuries as a result of the accident, which may require surgery at a later date. (Complaint ¶¶ 17-19).

Plaintiff commenced this action by filing her complaint on March 1, 2012. (*See* docket). Plaintiff asserted claims against defendants Row and Erie for damages arising out of the motor vehicle accident. (Complaint ¶¶ 24, 34).

Defendant Erie filed their preliminary objections to plaintiffs complaint on March 27, 2012 asserting that the contract claim should be severed from the tort claim against Row pursuant to Pa R.C.P. 213(b). (Defendant Erie's preliminary objections ¶ 6).

Plaintiff answered defendant Erie's preliminary objections on April 16, 2012. (*See* docket). Plaintiff stated Pa. R.C.P. 2229(b) allows plaintiff to join Erie because there is a common question of law or fact. (*See* plaintiff's opposition to Erie's preliminary objections). Plaintiff also claims defendant Erie had no standing to file preliminary objections because defendant Erie's request for severance should have been filed as a motion. *Id.* On April 20, 2012 this court granted defendant Erie's request for severance from the action against defendant Row. (*See* docket).

Also on April 20, 2012, defendant Erie filed a motion to transfer venue for forum non conveniens pursuant to Pa. R.C.P. 1006(d)1. *Id.* Erie argued Philadelphia County has no relationship to the plaintiff, either defendant, or

the cause of action on which plaintiffs claim is based. (Defendant Erie's motion to transfer venue ¶ 9). However, Erie did admit that it sells insurance policies in Philadelphia County. *Id.* at ¶ 19.

Plaintiff responded to Erie's motion to transfer venue for forum non conveniens on May 8, 2012, claiming that Erie failed to establish facts on the record in support of its claim. (*See* plaintiffs response in opposition to motion to transfer venue). On May 22, 2012 this court denied defendant Erie's motion to transfer venue. (*See* docket).

Defendant Row filed preliminary objections to plaintiff's complaint on the basis of improper venue on April 27, 2012. *Id.* Row argued that the accident occurred in Berks County, Row was correctly served in Berks County, and plaintiff was a resident of Berks County at the time of the accident. (Defendant Row's preliminary objections to plaintiffs complaint ¶¶ 12-14). Row further alleged that because this court's order of April 20, 2012 severed the plaintiffs action against Row from the action against Erie, there was no longer a connection to Philadelphia County. Plaintiff currently resides in Montgomery County. (Defendant Row's memorandum supporting preliminary objections at pg. 2).

Plaintiff answered Row's preliminary objections on May 14, 2012. (*See* docket). Plaintiff claimed that because defendant Erie conducts business in Philadelphia, venue is proper as to all defendants. (Plaintiffs response to defendant Row's preliminary objections ¶ 1).

Plaintiff filed preliminary objections to defendant Row's preliminary objections on May 15, 2012. (*See* docket). Plaintiff claimed defendant Row had 20

days from when she was personally served to file any responsive pleadings, and because she failed to do so, Row's preliminary objections should have been deemed untimely. (Plaintiff's preliminary objections ¶¶ 4, 8). Plaintiff further claimed that the grant of a time extension to Row was intended for the filing of an Answer only, not preliminary objections. *Id.* at ¶ 6.

Plaintiff filed a supplemental reply to Row's preliminary objections stating, because this court denied Erie's motion to transfer venue, Erie is still a party to the case and therefore, Row's objections are without merit. (Plaintiffs supplemental response to Row's preliminary objections at 1).

Defendant Row responded to plaintiff's preliminary objections by way of an answer on June 5, 2012. (*See* docket). Row stated the late filing was acceptable because plaintiff's counsel granted a time extension. (*See* defendant Row's answer to plaintiff's preliminary objections). The parties have not started discovery yet, nor has a case management order been issued; therefore, plaintiff is not prejudiced by the later filing. *Id.*

On June 15, 2012, this court overruled plaintiffs preliminary objections and sustained defendant Row's preliminary objections, thus transferring the case to Berks County. (*See* docket).

On June 27, 2012 plaintiff appealed to the Pennsylvania Superior Court, then filed the required Pa. R.C.P 1925(b) statement of matters complainted of on appeal on July 12, 2012 pursuant to this court's order of July 2, 2012. *Id.*

The issues to be addressed on appeal are:

1) whether this court erred in overruling plaintiffs preliminary objections to defendant's preliminary objections when plaintiff provided a time extension to defendant Row to respond to the complaint; and

2) whether this court erred in transferring the case to Berks County when the only connection to Philadelphia County was a defendant whom this court ordered to be severed from the case.

## LEGAL ANALYSIS

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. *Feingold v. Hendrza,* 15 A.3d 937, 942 (Pa. Super. Ct. 2011). The standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. *Id.* at 941.

A preliminary objection in the nature of a demurrer must be sustained where it is clear and free from doubt that the law will not permit recovery under the facts alleged. *Petsinger v. Dept. of Labor & Indus.,* 988 A.2d 748, 753 (Pa. Cmwlth. 2010).

In the instant case, the plaintiff claims the defendant's preliminary objections were untimely and therefore, should have been rejected by this court. Plaintiff correctly cites Pa. R.C.P. No. 1026 as controlling. In *Gale v. Mercy Catholic Med. Ctr., Fitzwater Mercy Div.,* 698 A.2d 647, 649 (Pa. Cmwlth. 1997), the court interpreted Pa. R.C.P. 1026, stating,

The Pennsylvania Rules of Civil Procedure provide that all pleadings subsequent to the complaint must be filled within 20 days after service of the preceding pleading.

This rule, however, may be interpreted as permissive rather than mandatory. It is left to the sound discretion of the trial court to permit a late filing of a pleading where the opposing party will not be prejudiced and justice so requires.

In the instant matter, plaintiff agreed to an extension for Row to file an answer to plaintiffs complaint. During that time extension, the April 23, 2012 order severing Erie claims gave Row a basis for requesting transfer of venue by way of preliminary objections.

Plaintiff then alleges that preliminary objections are not "responsive pleadings" under the Pennsylvania Rules of Civil Procedure. However, the explanatory comments to Pa. R.C.P 1026, governing time for filing, state:

Some confusion has been caused by the phrase "responsive pleading". The argument has been made that the term does not include preliminary objections because preliminary objections are not responsive to the pleading. They do not respond to the factual allegations of the preceding pleading.

Such an argument leaves the preliminary objection in the position of not being required to be filed within the same time period as the other pleadings. This construction is contrary to rule 128(a), which provides that the Supreme Court in promulgating the rule did not intend a result that is unreasonable. However, to remove any ambiguity created by the phrase, the rule is amended to delete the word "responsive".

Pa. R.C.P. §1026

Therefore, in the instant case, defendant Row's preliminary objections are responsive pleadings under the Pennsylvania Rules of Civil Procedure. Defendant Row did not waive her right to file preliminary objections when she requested a time extension to file an answer because her request encompassed the filing of either preliminary objections or an Answer.

Plaintiff claims that she is prejudiced by the late filing because Row would not have had a basis to challenge venue if Row had filed a response to the complaint on time.[1] Prejudice "includes any substantial diminution [in Appellant's] ability to present factual information in the event of trial." *Gale*, 698 A.2d at 650 (Pa. Super. Ct. 1997). (Concluding that the filing delay did not adversely affect plaintiff's ability to present facts at trial or oppose defendant's challenges. The court further suggested even a delay in trial might not be sufficient to prejudice plaintiff).

Similarly, in the instant case, plaintiff has not demonstrated any substantial diminution in her ability to present facts in trial, nor has she been prohibited from confronting any of defendant's challenges. Here, discovery had not even begun when the preliminary objections were filed. Therefore, plaintiff has failed to prove how defendant's late filing would prejudice her after plaintiff voluntarily offered to extend the deadline.

Next, plaintiff claims this court should not have ruled that venue in Philadelphia County was improper because

---

1. Plaintiff's contention arises from the decision to sever defendant Erie from the case. Plaintiff asserts that because this occurred after the extension to file was granted, defendant Row was able to make a claim she would not otherwise have had.

venue is determined at the time the complaint is filed. Prior to severance, venue in Philadelphia County was proper because venue was proper as to defendant Erie who conducts business in in Philadelphia County.

In *Gale v. Mercy Catholic Medical Center Eastwick, Inc.*, 698 A.2d 647, 1997 Pa. Super. LEXIS 2431 (1997), the plaintiff appealed the trial court's order to transfer venue to Delaware County. *Id.* at 650. In that case, the only allegation in the complaint establishing venue in Philadelphia County was the Philadelphia business address of a defendant who had subsequently been voluntarily dismissed from the case. *Id.* At 651. However, plaintiff's preliminary objections to defendant's preliminary objections and plaintiffs motion to strike contained additional information establishing proper venue in Philadelphia County. *Id.* The Superior Court determined that the defendant's argument that venue may only be established by looking exclusively at the allegations in the complaint was not supported by any case law. *Id.* at 651. The Superior Court further explained, "Rule 1028 specifically provides that "[i]f an issue of fact is raised [in preliminary objections], the court shall consider evidence by depositions or otherwise." Pa.R.C.P. 1028(c)(2)." *Id.* at 652. Thus, the court is not limited to the complaint and an examination of the circumstances as they existed at the time of the filing of the complaint in its resolution of preliminary objections.

In the instant case, it is the plaintiff who makes this same erroneous argument. Plaintiff asserted that the order severing the claims did not render venue improper because venue was proper at the time of the filing of the complaint based upon defendant Erie's business

dealings in Philadelphia County. However, after the claims were severed, there was no basis to establish venue in Philadelphia as to defendant Row, and preliminary objections were properly filed and resolved by this court.

Similarly, in *Jackson v. Laidlaw Transit*, 822 A.2d 56 (Pa. Super. 2003). The plaintiff brought suit as a result of a motor vehicle accident. *Id.* The plaintiff claimed transfer out of Philadelphia County was improper despite the fact that the only defendant against whom venue in Philadelphia County was proper was dismissed from the case. The Superior Court disagreed, holding that once the corporate defendant, Laidlaw, the sole tie to Philadelphia County, was dismissed from the case, venue against the remaining defendants was proper only in Bucks County where the accident occurred and where all the defendants could be properly served. *Id.* at 58. The court-reasoned that if the plaintiff had (hypothetically) only sued the remaining defendants (not the dropped Philadelphia County defendant), venue would not have been proper in Philadelphia from the start, with the same result. *Id.* at 59. The court concluded that plaintiff's claim -- that the dismissal of the only defendant with contacts in Philadelphia County should not affect venue -- was incorrect, and the trial court did not abuse its discretion as a matter of law. *Id.*

Similarly in this case, the only defendant who could-render venue in Philadelphia proper was severed pursuant to Pa. R.C.P. 213(b). This is identical to the scenario - presented in Jackson where the dismissed defendant possessed the only ties to Philadelphia. After that defendant was dismissed, the court assessed the issue of venue only as to the remaining defendants.

Here plaintiff's claims against Row were severed. Venue is not proper in Philadelphia County as to defendant Row. Therefore, this case was properly transferred to Berks County, the appropriate venue based on the facts presented.

## CONCLUSION

For the foregoing reasons, this court respectfully requests its decision to sustain defendants preliminary objections be affirmed.