J-A22024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TIMOTHY WATSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICK J. CAPO  AND NATIONAL | : | |
| DELIVERY SYSTEMS, INC. | : | |
| | : | No. 983 EDA 2018 |

Appeal from the Order Entered March 6, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  00457 December Term, 2016

BEFORE:   BENDER, P.J.E., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED DECEMBER 11, 2018**

Appellant Timothy Watson appeals from the order granting the petition to transfer venue[1] from Philadelphia County to Somerset County based upon *forum non conveniens* of Appellees Nick J. Capo and National Delivery Systems, Inc.  Appellant asserts that the trial court abused its discretion in granting the petition.  We affirm.

The trial court summarized the relevant factual and procedural background of this matter as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] An order changing venue in a civil action is interlocutory but appealable as of right.  Pa.R.A.P. 311(c).  **See Jackson v. Laidlaw Transit, Inc.**, 822 A.2d 56, 57 n.1 (Pa. Super. 2003).

This appeal arises out of a motor vehicle accident in Somerset County. On December 1, 2015[,] around 9:58 PM, [Appellant] was traveling westbound on the Pennsylvania Turnpike at or near mile post 106 in Somerset County, PA. At the aforementioned time and place, [Appellant] was driving a 2012 Peterbilt tractor trailer truck in the right lane of traffic with a passenger, Cindy Weaver.[2] Subsequently, [Appellee] Capo,[3] driving a 2012 Freightliner tractor trailer truck, struck the right side of [Appellant's] vehicle. The truck driven by [Appellee] Capo was leased/rented/owned by [Appellee] National Delivery Systems Inc. ("NDS").[4] [Appellee] Capo left the scene of the collision, but was located by the State Police and given a citation for causing the accident. [Appellant] sustained various injuries and was taken to an emergency room in Somerset County.

The accident was reported to and investigated by the Pennsylvania State Police, Somerset County. Trooper Brian Seifert of the Somerset Barracks of the Pennsylvania State Police Turnpike Division went to the accident scene and wrote a report. The accident was also investigated by Trooper Derek Thorpe of the Somerset Barracks of the Pennsylvania State Police Turnpike Division.

* * *

[Appellant initiated this matter by filing a complaint on December 7, 2016. Thereafter, Appellees filed preliminary objections; before the preliminary objections could be ruled upon, Appellant filed an amended complaint on January 27, 2017. Appellees filed preliminary objections to the amended complaint, which were sustained, and Appellant filed a second amended complaint on March 23, 2017. On April 11, 2017, Appellees filed an answer and new matter.] On November 16, 2017, [Appellees] filed [a] Motion to Transfer to Somerset County pursuant to *forum non conveniens*. [In support of the motion to transfer, Appellees

---

[2] Appellant resides in Catonsville, Maryland, and Ms. Weaver resides in Glen Burnie, Maryland.

[3] Appellee Capo resides in Connellsville, Pennsylvania, which is in Fayette County.

[4] NDS has a principal place of business in Ellicott City, Maryland. NDS also does business in Philadelphia at its "Philadelphia Terminal."

argued that the accident occurred in Somerset County, State Police from Somerset County responded to the accident and would have to travel at least seven hours round-trip to attend trial in Philadelphia County, Appellant was first treated at the Somerset County Hospital, the Somerset County Courthouse is 237 miles away from City Hall in Philadelphia, and Appellee Capo would incur significant expense in traveling to Philadelphia for trial. Appellees also submitted an affidavit of Trooper Seifert indicating that traveling to Philadelphia for trial would be burdensome.] On December 15, 2017, th[e c]ourt ordered the parties to submit supplemental briefing on the issue of venue and allowed the parties to conduct limited discovery related to venue[, in which neither party engaged]. On February 9, 2018, the parties submitted their supplemental briefing. [Appellant attached an affidavit from Ms. Weaver to his supplemental briefing, in which Ms. Weaver stated that she would be more inconvenienced by having to travel to Somerset County rather than Philadelphia.] On March 6, 2018, th[e c]ourt granted [Appellees'] Motion to Transfer to Somerset County based on *forum non conveniens*. [Appellant] timely appealed on March 14, 2018.

On March 22, 2018, th[e c]ourt ordered [Appellant] to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

Trial Ct. Op., 4/18/18, at 1-2.

Appellant filed a timely concise statement of matters complained of on appeal on April 3, 2018. The trial court complied with Pa.R.A.P. 1925(a) by filing an opinion on April 18, 2018, in which the trial court stated its reasoning for its decision to grant the motion to transfer venue:

Philadelphia is an oppressive forum. To have the case remain in Philadelphia would require [Appellee] Capo and witnesses to travel hundreds of miles to participate in litigation; disrupting their personal and business obligations and causing them to incur travel expenses to come and stay in Philadelphia. Additionally, Philadelphia is over 250 miles from the scene of the accident, thus Somerset County affords much better access to the scene. Considering all the factors, this [c]ourt determined [Appellees] met their burden to transfer and did not err.

- 3 -

*Id.* at 5.

On appeal, Appellant raises the following issue for our review:

Whether the trial court erred and abused its discretion when it granted [Appellees'] petition to transfer venue based upon a theory of *forum non conveniens* where [Appellees] failed to show that maintaining venue in Philadelphia would be oppressive or vexatious where [Appellees] regularly conduct business in Philadelphia County, have no ties to Somerset County, and the witnesses would need to travel further if this case were situated in Somerset County[.]

Appellant's Brief at 4.

Appellant asserts that

the trial court erred and abused its discretion because [Appellees] did not allege a single basis on which the record supports a finding that venue in Philadelphia County is oppressive or vexatious. While there may be inconvenience to litigating a case in Philadelphia County for [Appellee] Capo, inconvenience does not translate to oppressive or vexatious.

*Id.* at 14-15. Appellant argues that the trial court "ignored the fact that [Appellant's] chosen venue was Philadelphia County and focused almost entirely on purported 'undue hardship' on [Appellee] Capo." *Id.* at 15. Appellant asserts that because both Appellees conduct business in Philadelphia County through NDS' Philadelphia Terminal, it is "specious to suggest [that they are nevertheless] burdened or oppressed when litigating a claim in the county." *Id.* Appellant argues that Appellant and Ms. Weaver are the only eyewitnesses to the accident and since they are from near Baltimore, Maryland, they are "substantially closer to Philadelphia County than to Somerset County." *Id.* Further, Appellant asserts that Appellees "will not call

- 4 -

either [of the troopers who investigated the accident] as a witness during trial," so the burden on the troopers to travel to Philadelphia for trial should not have factored into the decision to transfer the case to Somerset County. *Id.* at 16.

> Regarding the standard of review, it is well settled that
>
> appellate courts review a trial court's ruling on a motion to transfer for an abuse of discretion.
>
>> In this regard, the trial court's ruling must be reasonable in light of the peculiar facts. If there exists any proper basis for the trial court's decision to transfer venue, the decision must stand. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence o[f] the record.

*Bratic v. Rubendall*, 99 A.3d 1, 7 (Pa. 2014) (citations omitted).

Pennsylvania Rule of Civil Procedure 1006 provides for the transfer of venue as follows:  "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1).  As to the timing of a petition to transfer venue, "Rule 1006(d) imposes no time limit upon a party who seeks to transfer venue[.]" *Wood v. E.I. du Pont de Nemours & Co.*, 829 A.2d 707, 710 (Pa. Super. 2003) (*en banc*) (citation omitted).

"[A] petition to transfer venue should be granted only if the defendant 'demonstrat[es], with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant.'"  *Bratic*, 99 A.3d

at 7 (citing **Cheeseman v. Lethal Exterminator, Inc.**, 701 A.2d 156, 162 (Pa. 1997)). "[T]he party seeking a change of venue bears a heavy burden in justifying the request." **Id.** (citation omitted). A trial court is not to "engage[] in a balancing test. We rejected that approach . . . because it disregarded the great weight accorded to the plaintiff's initial choice of forum. Transfer on *forum non conveniens* grounds is proper only if the defendant proves that the chosen forum is oppressive to him." **Moody v. Lehigh Valley Hosp.-Cedar Crest**, 179 A.3d 496, 508 (Pa. Super. 2018) *appeal denied*, 194 A.3d 117 (Pa. 2018). Determining whether a forum is oppressive "requir[es] consideration of the totality of the circumstances. The distance between the two forums, the disruption to the parties' personal and professional lives, are part of the equation, but no one factor is dispositive." **Id.** at 508 n.9.

In **Bratic**, the plaintiffs initiated an action in Philadelphia, asserting wrongful use of civil proceedings and abuse of process claims based on a previously dismissed lawsuit that had been litigated in Dauphin County. **Bratic**, 99 A.3d at 3. Pursuant to Pa.R.C.P. 1006(d)(1), the defendants "petitioned to transfer the case to Dauphin County based on *forum non conveniens,* alleging the pertinent 'witnesses and evidence [were] located in Dauphin County such that depositions and trial in Philadelphia County [would] be a hardship to the [defendants] and the witnesses upon whom [defendants] must rely.'" **Id.** at 3-4 (citation omitted). In support of their petition to transfer, the defendants

presented affidavits of seven witnesses, all of whom live over 100 miles from Philadelphia, each stating that holding the trial there "would be both disruptive and a personal and financial hardship if [the witnesses] should be called to testify at deposition or trial" because they "would have to incur substantial costs for fuel, tolls and, if traveling overnight, for lodging and meals[, and for] every day of deposition or trial in Philadelphia, [they] would be forced to take at least one full day away from [work]."

*Id.* at 4 (footnotes omitted).

The trial court in **Bratic** granted the motion to transfer, finding the choice of Philadelphia to be vexatious and oppressive to the defendants since

1) the earlier claim took place in Dauphin County; (2) all [of the defendants were] from Dauphin County and none of [the plaintiffs were] from Philadelphia County; (3) each of [defendants'] eight witnesses live[d] over 100 miles from Philadelphia County and [] "engaged in business activities which [made] their ability to appear at trial in Philadelphia County far more of a burden than a trial in Dauphin County"; and (4) "[t]he sole connection with Philadelphia County [was] the fact that all [defendants] occasionally conduct[ed] business in Philadelphia."

*Id.* (citation omitted). A divided panel of this court affirmed the trial court.

*Id.* After reargument *en banc*, a divided court reversed, holding that the aforementioned facts did not demonstrate that trial in Philadelphia would be oppressive or vexatious.[5] *Id.*

Our Supreme Court overruled this Court and affirmed the trial court's decision to transfer venue:

If we consider only [defendants'] seven affidavits, there "exist[ed] a [ ] proper basis for the . . . transfer[.]" It cannot be said the trial

---

[5] We note that Appellant cites in his appellate brief to this Court's *en banc* decision to reverse the trial court in **Bratic** in support of his position in the instant matter. **See** Appellant's Brief at 14. As noted above, our Supreme Court overruled this Court's *en banc* decision.

court misapplied the law or failed to hold appellants to their proper burden to establish oppression. While typically the "fact that the site of the precipitating event was outside of plaintiff's choice of forum is not dispositive[,]" it is axiomatic that "when the case involves a transfer from Philadelphia to a more distant county . . . , factors such as the burden of travel, time out of the office, disruption to business operations, and the greater difficulty involved in obtaining witnesses and sources of proof are more significant[.]"

As with other factors insufficient on their own, distance alone is not dispositive, but it is inherently part of the equation. . . . Dauphin County . . . is not a neighbor of Philadelphia, and one needs no detailed affidavit to understand the difference in logistics necessitated by a separation of 100 miles. . . .

We thus cannot accept [plaintiffs'] argument that [defendants'] affidavits were "plainly inadequate to overcome the great deference owed to a plaintiff's choice of forum[.]"

*Id.* at 9-10 (citations and footnote omitted).

Here, we agree with the trial court that Appellees met their burden of demonstrating that Philadelphia is an oppressive and vexatious forum. *See* Trial Ct. Op. at 5. Somerset County, in which the underlying events occurred, is far from Philadelphia County. Indeed, in *Bratic* a distance of over 100 miles from Philadelphia created a hardship for the defendants, while here the distance is over 200 miles. *See Bratic*, 99 A.3d at 4; Trial Ct. Op. at 5. Moreover, the remainder of the considerations the *Bratic* trial court used to determine the chosen forum was oppressive and vexatious are present here— neither Appellees nor Appellant are from Philadelphia County, potential witnesses for Appellees are engaged in activities that make their ability to

appear in Philadelphia a much bigger burden than appearing in Somerset,[6] and the sole connection with Philadelphia is the fact that Appellees occasionally conduct business in Philadelphia. **See Bratic**, 99 A.3d at 4. Accordingly, the record reveals a basis for transferring the instant matter, and we discern no abuse of discretion on the part of the trial court in relying on the aforementioned factors and affidavit of a potential witness to determine that the chosen forum of Philadelphia was oppressive and vexatious.[7] **See id.** at 9.

Order affirmed.

Judgment Entered.

_(signature)_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/18

---

[6] Although Appellant asserts that Appellees "will not call" either of the troopers to testify, **see** Appellant's Brief at 16, Appellant has assumed that Appellees will not do so.

[7] We note that Appellant attached an affidavit from Ms. Weaver to his supplemental briefing to the trial court indicating the hardship Ms. Weaver would face by having to travel to Somerset County rather than Philadelphia. However, the trial court properly did not engage in a balancing test. **See Moody**, 179 A.3d at 508.