J-A09024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MANJIT SINGH, AS ADMINISTRATOR OF THE ESTATE OF HARPREET SINGH, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : : | No. 1917 EDA 2021 |
| DHAN HOSPITALITY, LLC AND RED ROOF INNS, LLC AND RRI WEST MANAGEMENT, LLC AND RED ROOF FRANCHISING, LLC AND TAMMY BRUBAKER AND JUAN UBILES AND RADAMES FONTANEZ | : : : : : : : | |

Appeal from the Order Entered August 30, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 210301694

BEFORE:   NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED JULY 18, 2022**

Manjit Singh, as Administrator of the Estate of Harpreet Singh, Deceased ("the decedent"), appeals from the order sustaining the preliminary objections regarding improper venue filed by Tammy Brubaker, and transferring venue of the action to Lancaster County.  We affirm.

Singh initiated this survival and wrongful death action in March 2021 following the alleged assault and asphyxiation of the decedent in the parking lot of a Red Roof Inn in Lancaster County, where the decedent was staying as

_____

[*] Retired Senior Judge assigned to the Superior Court.

a guest. Singh's complaint named as defendants the individuals who allegedly attacked the decedent (Brubaker, Juan Ubiles, and Radames Fontanez) and numerous entities associated with the ownership and management of Red Roof Inns, including Dhan Hospitality, LLC ("Dhan Hospitality"), Red Roof Inns, LLC ("RRI"), RRI West Management, LLC ("RRIWM"), and Red Roof Franchising, LLC ("RRF") (collectively "Appellees").[1] Several Appellees, including Brubaker, filed preliminary objections challenging venue of the action in Philadelphia County, and requesting transfer of the action to Lancaster County. In response, Singh filed an amended complaint against Appellees. Appellees filed preliminary objections to the amended complaint, again asserting that venue of the action in Philadelphia County was improper and requesting transfer of the action to Lancaster County. Singh filed briefs in opposition to the various preliminary objections, maintaining that venue in Philadelphia County was proper. The trial court issued a rule to show cause why Appellees' preliminary objections should be overruled and directed the parties to conduct discovery and file supplemental briefs related to venue.

Pursuant to the trial court's rule, the parties deposed Glenn Galbraith, Vice President of Franchising Operations for RRF, who testified that there are no Red Roof Inn franchises in Philadelphia County. *See* Deposition of Glenn Galbraith, 8/5/21, at 8. Galbraith stated that there is a franchise Red Roof

---

[1] Additional defendants were named in the amended complaint; however, they were dismissed from the action and are not parties to this appeal.

Inn located in Essington, Delaware County, near the Philadelphia International Airport, from which RRF collects a franchise fee of approximately four percent of the franchise's monthly revenue. *See id*. at 8-16. Galbraith further indicated that RRF has a franchise agreement with Dhan Hospitality, which owns and operates the subject Red Roof Inn in Lancaster County, and that RRF collects a monthly franchise fee from Dhan Hospitality. *See id*. at 20-23. In addition to Galbraith's deposition, affidavits were submitted by RRI, RRIWM, and RRF (collectively "the Red Roof Inn defendants"), Dhan Hospitality, Ubiles, and Fontanez. After completing discovery, the parties submitted supplemental briefs on the question of venue.

In a joint supplemental brief in support of their preliminary objections, Appellees argued that venue in Philadelphia was improper as to each appellee. Appellees argued that venue in Philadelphia was improper as to Brubaker, an employee at the subject Red Roof Inn, because the cause of action arose in Lancaster County, she lives and works in Lancaster County, she was served in Lancaster County, and she could not be served in Philadelphia County. Appellees argued that venue in Philadelphia was improper as to Ubiles, a former employee at the subject Red Roof Inn, because he lives and works part-time in Lancaster County, and was served in Lancaster County. Appellees argued that venue in Philadelphia was improper as to Dhan Hospitality because its main purpose is to own and operate the subject Red Roof Inn in Lancaster County, it does not own or manage any other hotel property, and it

- 3 -

does not own or manage any hotel property or conduct any business in Philadelphia County. Appellees argued that that venue in Philadelphia County was improper as to Fontanez because he lives in Virginia and was a visitor to Lancaster County on the date of the alleged incident. Finally, Appellees argued that venue in Philadelphia County was improper as to the Red Roof Inn defendants because they do not maintain offices, have agents or employees, conduct any business, own or lease real property, or pay taxes in Philadelphia County.

In a supplemental brief in opposition to Appellees' preliminary objections, Singh insisted that venue in Philadelphia County was proper, but indicated that if venue in Philadelphia County was improper, the action should be transferred to Delaware County because RRF has a franchise in that county.

On August 30, 2021, the trial court granted Brubaker's preliminary objections regarding venue[2] and transferred the action to Lancaster County.[3] The trial court denied the preliminary objections filed by the other Appellees as moot, given its ruling on Brubaker's preliminary objections. Singh filed a motion for reconsideration which the trial court denied. Singh filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

_____

[2] The trial court did not rule on Brubaker's preliminary objection in the nature of a motion to strike Singh's claim for punitive damages.

[3] While we are mindful that preliminary objections to a complaint are generally either "sustained" or "overruled;" in the instant matter, the trial court either "granted" or "denied" the preliminary objections filed by Appellees.

- 4 -

Singh raises the following issues for our review:

1. Did the trial court commit an error of law in transferring the action to the Lancaster County . . . where one or more of the Red Roof Inn defendants "regularly conducts business" in Delaware County and thus venue is proper there under Pa.R.Civ.P. 2179(a)(2)?

2. Did the trial court commit an error of law in transferring the action to Lancaster County because venue is proper in Delaware County as to one or more of the Red Roof Inn defendants and thus as to all [Appellees] under Pa.R.Civ.P. 1006(c)(1)?

3. Did the trial court commit an error of law in transferring the action to Lancaster County on the basis that Delaware County was [Singh's] second choice of forum because the presumption in favor of a plaintiff's choice of forum is inapplicable when determining whether venue is proper under Pa.R.Civ.P. 2179(a)(2)?

4. Did the trial court commit an error of law in transferring the action to Lancaster County based on arguments made by the Red Roof Inn defendants, whose preliminary objections the court denied (as "moot")?

Singh's Brief at 4-5 (unnecessary capitalization omitted).[4]

_____

[4] In his Rule 1925(b) concise statement, Singh raised only one issue for appellate review. **See** Pa.R.A.P. 1925(b) Statement, 10/11/21, at 2. However, in his statement of questions presented, he raised four issues for our review. Generally, any issues not raised in the concise statement are waived. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived). Nevertheless, it appears that Singh has divided the single issue he raised in his Rule 1925(b) concise statement into his first three questions presented. Thus, we will not find waiver of those issues. We discuss waiver of Singh's fourth issue, **infra**.

We review an order sustaining preliminary objections based on improper venue for an abuse of discretion or legal error. *See Lugo v. Farmers Pride, Inc*., 967 A.2d 963, 966 (Pa. Super. 2009). A trial court's decision to transfer a case for improper venue will not be disturbed if the decision is reasonable in light of the facts. *See McMillan v. First Nat. Bank of Berwick*, 978 A.2d 370, 371 (Pa. Super. 2009). Thus, if any proper basis exists for the court's decision to transfer venue, that decision must stand. *See Schultz v. MMI Products, Inc.*, 30 A.3d 1224, 1228 (Pa. Super. 2011).

A plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging that choice to show it was improper. *See Jackson v. Laidlaw Transit, Inc. & Laidlaw Transit PA, Inc.*, 822 A.2d 56, 57 (Pa. Super. 2003). However, a plaintiff's choice of venue is not absolute or unassailable. *Id*. Moreover, the doctrine that a plaintiff's choice of forum should be given deference does not apply where the only question is whether venue in a particular county is proper or not proper. *See Kring v. Univ. of Pittsburgh*, 829 A.2d 673, 676 (Pa. Super. 2003). In other words, a plaintiff's choice of forum has no application to the question of whether venue is proper in the plaintiff's chosen forum, as venue either is or is not proper. *See Scarlett v. Mason*, 89 A.3d 1290, 1293 (Pa. Super. 2014).

Pennsylvania Rule of Civil Procedure 1006 identifies the counties in which a plaintiff may bring an action against an individual defendant, or more

than one defendant when a plaintiff asserts joint or joint and several liability.

Rule 1006 provides, in relevant part, as follows:

(a) Except as otherwise provided by subdivisions (a.1), (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which

(1) the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, or

(2) the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

\* \* \* \*

(c)(1) Except as otherwise provided by subdivision (c)(2), an action to enforce a joint or joint and several liability against two or more defendants . . . may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b).

\* \* \* \*

(e) Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county. …

Pa.R.Civ.P. 1006(a), (c)(1), (e).

Pennsylvania Rule of Civil Procedure 2179 identifies the counties in which a plaintiff may bring a personal action against a corporate defendant.

Rule 2179 provides, in relevant part, as follows:

(a)  Except as otherwise provided by an Act of Assembly, by Rule

> 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in
>
> (1)   the county where its registered office or principal place of business is located;
>
> (2)   a county where it regularly conducts business;
>
> (3)   the county where the cause of action arose;
>
> (4)   a county where a transaction or occurrence took place out of which the cause of action arose, or
>
> (5)   a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.Civ.P. 2179(a).

Reading Rule 1006(c)(1) together with Rule 2179(a), a plaintiff may bring an action against multiple corporate defendants in any county in which venue is proper for one corporate defendant. *See Zappala v. Brandolini Prop. Mgmt., Inc*., 909 A.2d 1272, 1281 (Pa. 2006). Stated differently, in a case to enforce liability against multiple corporate defendants, a plaintiff can bring the action in any county where one corporate defendant regularly conducts business. *Id*.

To determine whether a corporation regularly conducts business in a county for the purposes of venue, the court must apply a "quality and quantity" test of business contacts. *See Purcell v. Bryn Mawr Hosp.*, 579 A.2d 1282, 1285 (Pa. 1990). Our Supreme Court has explained:

> Quality of acts means those directly furthering, or essential to, corporate objects; they do not include incidental acts.

- 8 -

> Quantity means those acts which are so continuous and sufficient to be general or habitual. . . . [T]he acts of the corporation must be distinguished: those in aid of a main purpose are collateral and incidental, while those necessary to its existence are direct.

*Id*. (internal quotation marks omitted).

As Singh's issues are related, we will address them together. Singh argues that, although the trial court applied the "quality and quantity" test of business contacts to determine that the Red Roof Inn defendants did not regularly conduct business in Philadelphia County, it failed to conduct that same analysis with respect to Delaware County. Singh contends that, pursuant to Rule 2179(a)(2), venue was proper in Delaware County because RRF has a franchise in Essington, Delaware County, which satisfies the "quality and quantity test" of business contacts. Singh points out that the trial court acknowledged that RRF "obtains franchise fees and royalties from its franchises—including the location in Essington, Delaware County," and that "even a small amount of business activity in a county is sufficient to create venue." Singh's Brief at 25-26 (citing Trial Court Opinion, 12/13/21, at 8). Singh additionally argues that, because RRF "regularly conducts business" in Delaware County pursuant to Rule 2179(a)(2), venue in that county is appropriate as to all Appellees pursuant to Rule 1006(c)(1) (providing that "an action to enforce a joint or joint and several liability against two or more defendants . . . may be brought against all defendants in any county in which the venue may be laid against any one of the defendants").

Singh maintains that the trial court erred by transferring the action to

Lancaster County based solely on the fact that Delaware County was his second choice of forum. According to Singh, the trial court was required to give great weight to his choice of forum, and the fact that Delaware County was his second choice of forum, rather than his first choice, is irrelevant. Singh claims that the trial court improperly determined that it was not obligated to consider Singh's second choice of forum and provided no legal authority that would permit the court to disregard his second choice of forum.[5]

The trial court considered Singh's issues and determined that they lacked merit. The court reasoned as follows:

> While the court may find venue proper in Delaware County, [Singh] filed the lawsuit in Philadelphia County—this was [Singh's] chosen forum— and only after [Appellees] objected to venue did [Singh] supply "a second choice" venue request of Delaware County. [Appellees] met the burden in proving that the venue where this action was filed was improper and showing that venue they requested for transfer, Lancaster County, was proper. Lancaster County is where the incident occurred, where individual

---

[5] Singh additionally argues that the only preliminary objections that the trial court granted were those filed by Brubaker, who argued that venue was improper under Rule 1006 and made no argument that venue in Philadelphia County was improper under Rule 2179. Singh claims that Rule 2179 was only raised in the preliminary objections filed by the Red Roof Inn defendants, which the trial court denied as moot. Singh argues that, to the extent that the trial court relied on arguments made by the Red Roof Inn defendants in granting Brubaker's preliminary objections, its ruling contradicted its denial of the Red Roof Inn defendants' preliminary objections. Initially, we observe that Singh did not raise this issue in his court-ordered Rule 1925(a) concise statement. Thus, it is waived. *See Lord*, 719 A.2d at 309. Moreover, Singh raised Rule 2179 in opposition to Brubaker's preliminary objections. *See* Singh's Response in Opposition to Brubaker's Preliminary Objections, 5/25/21, at ¶¶ 7-9, 11, 12, 13-19. Thus, as Singh squarely injected Rule 2179 into the trial court's consideration of Brubaker's preliminary objections, his claim is meritless.

> [Appellees] can be served, where the witnesses including emergency personnel and police officers are located.
>
> Accordingly, it is respectfully requested that the Superior Court find that this court did not abuse its discretion in transferring the case from Philadelphia County to Lancaster County, the situs of the incident, and not [Singh's] second choice venue Delaware County. [Appellees] cannot be found to "regularly conduct business" as required for corporate entities under Pa.R.[Civ].P. 2179 in Philadelphia County and the court need not give preference to [Singh's] second choice.

Trial Court Opinion, 12/13/21, at 9 (unnecessary capitalization omitted).

We discern no abuse of discretion or error of law by the trial court in granting Brubaker's preliminary objections and transferring the action to Lancaster County. Importantly, Singh concedes that venue of the action in Philadelphia County is improper. *See* Singh's Brief at 19. Thus, Singh does not challenge the trial court's order insofar as it granted Brubaker's preliminary objections as to venue in Philadelphia County. Instead, Singh challenges only the trial court's decision to transfer the action to Lancaster County.

Notably, Singh makes no argument that Lancaster County is an improper venue for the action, and the evidence of record demonstrates that Lancaster County is an appropriate forum under Rule 2179(a)(1), (2), (3), and (4), and Rule 1006(c)(1). The record reflects that Lancaster County is where: (1) Dhan Hospitality's main place of business is located (*i.e.*, the subject Red Roof Inn); (2) Dhan Hospitality regularly conducts business; (3) the cause of action arose; (4) a transaction or occurrence took place out of

which the cause of action arose (*i.e.*, the decedent was staying at the subject Red Roof Inn as a guest and he was allegedly attacked on the premises); and (5) RRF regularly conducts business in Lancaster County by virtue of its franchise agreement with the subject Red Roof Inn. **See** Affidavit of Dhan Hospitality, 7/12/21, at unnumbered 1; **see also** Amended Complaint, 5/10/21, at ¶¶ 8, 17-18, 21-22; Deposition of Glenn Galbraith, 8/5/21, at 20-23. Moreover, applying a "quality and quantity" test of business contacts, the actions of Dhan Hospitality and RRF in Lancaster County are "directly furthering, or essential to, corporate object . . . so continuous and sufficient to be general or habitual . . . [and are] . . . necessary to [their] existence." **See Purcell**, 579 A.2d at 1285.

Singh's only objection to Lancaster County is that it was not his first or second choice for venue for the action. However, as explained above, a plaintiff's choice of venue is not absolute or unassailable. **See Jackson**, 822 A.2d at 57. Further, a plaintiff's choice of forum is irrelevant where the only question is whether venue in a particular county is proper or not proper. **See Kring**, 829 A.2d at 676. In the instant matter, the only question before the trial court was whether venue in Philadelphia County was proper or not proper. Thus, Singh's choice of forum, including his second choice of forum, was simply not a factor to be considered by the trial court. **See Scarlett**, 89 A.3d at 1293.

Moreover, pursuant to Rule 1006(e), "[i]f a preliminary objection to

venue is sustained ***and there is a county of proper venue*** within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county." Pa.R.Civ.P. 1006(e). Notably, when the venue chosen by a plaintiff is found to be improper, Rule 1006(e) does not require the trial court to consider the plaintiff's second choice; rather, the court may transfer the action to ***any*** county in which venue is proper. ***See Krosnowski***, 836 A.2d at 146 (holding that if there exists any proper basis for the trial court's decision to transfer venue of the action, the decision must stand). Here, as venue in Philadelphia County was improper and Lancaster County is an appropriate forum for the action, the trial court's transfer order must stand. Accordingly, we affirm the order granting Brubaker's preliminary objections and transferring the action to Lancaster County.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2022